GEORGE MILLS AND GEORGE BAKEMAN v. NETTIE HOBBS AND W. H. McCARTNEY.

*Homestead—Occupancy—Mechanic's lien law of 1887.*

1. Present *intention* of occupancy as a homestead, with present *action* to carry the *intention* into effect, constitutes a homestead in law.

2. Where a married woman purchased a vacant, unimproved village lot on contract, with the intention of occupying it as a homestead for herself and husband, which she evidenced by planting shade trees in front, along the street line, and by contracting, about 17 months after such purchase, for the erection of a dwelling-house thereon (she nor her husband owning no other real estate in the village), the premises will be treated as her homestead within the meaning of section 1 of Act No. 270, Laws of 1887 (mechanic's lien law), requiring *such* a contract to be in writing.[1]

3. It is the *fact* of the premises upon which improvements are to be made being a homestead or not that determines the right of lien under the mechanic's lien law of 1887, which does not require the owner to give notice to the contractor or material-man that he claims such premises as a homestead.

4. Under the mechanic's lien law of 1887 (section 1, Act No. 270), where a homestead claim is relied upon as a defense, the question is as to the homestead *character* and *value* of the premises at the *time* the lien is claimed to have attached.

Error to Berrien. (O'Hara, J.) Argued June 11, 1889. Decided July 11, 1889.

Action for enforcement of mechanic's lien under Act No. 270, Laws of 1887. Defendant Nettie Hobbs brings error. Reversed as to appellant. The facts are stated in the opinion, as also the points of counsel passed upon by the Court.

---

[1] See *Deville v. Widoe*, 64 Mich. 593, for a strong case bearing on this phase of the homestead question.

*G. M. Valentine,* for appellant.

*Thomas Flood,* for plaintiffs.

CHAMPLIN, J.   Nettie Hobbs was the owner of lot 1, block 37, Central addition to Benton Harbor.

The premises were purchased by her in March, 1887, with the intention eventually of occupying them as a homestead with her husband, Fred A. Hobbs.   The lot was unimproved and vacant.   In the spring of 1888, Mrs. Hobbs caused some shade trees to be planted in front, along the street line.   In August she contracted verbally with William H. McCartney for the erection of a dwelling-house on the lot.   McCartney sublet part of the contract verbally to the plaintiffs, who were masons by trade.   Neither McCartney nor plaintiffs had notice that the premises were claimed as a homestead.   The contract with McCartney was entered into by Mrs. Hobbs, through her husband, who represented her in the matter.

The plaintiffs commenced work under their contract with McCartney August 13, 1888, and dug the cellar and cistern, paved and cemented the former, and furnished brick, and built piers and chimneys, and did the plastering, and completed their job October 16, 1888.   On November 13, 1888, they claimed that there was a balance due them for labor and material,—the sum of $97.48.

On the seventeenth day of November, 1888, George Mills served a written notice, signed by George Bakeman and George Mills, and verified by their affidavit, upon Nettie Hobbs, which, together with proof of service, was filed in the office of the register of deeds of Berrien county on the nineteenth day of November, 1888.   The notice was as follows:

"*To all whom it may concern:*   Take notice that we George Bakeman and George Mills, copartners, intend to claim a lien on the following described premises and appurtenances, for labor performed, and for material furnished, in

building the structure thereon. The performance of such labor and the furnishing of such material were begun on the thirteenth day of August, 1888, and completed on the sixteenth day of October, 1888. The amount due thereof is ninety-seven and forty-eight hundreths dollars, over and above all legal set-offs. Which premises are described as follows: Lot 1, block 37, Central addition to Benton Harbor, Berrien county, Michigan. [Signed and verified."]

On the twenty-second day of November, 1888, the following statement, verified by the affidavit of George Mills, was served upon Frederick Hobbs and Nettie Hobbs, which, together with proof of service, was filed with the register of deeds on the twenty-sixth day of November, 1888, viz.:

"STATE OF MICHIGAN, } ss.
 "County of Berrien, }

"*To all whom it may concern.*

"The following is a statement of labor performed and material furnished, commencing on the thirteenth day of August, 1888, and completed on the sixteenth day of October, 1888, by George Mills and George Bakeman, copartners, and of the moneys paid and yet due thereof, in and about building the structure on the following described premises: Lot 1, block 37, Central addition to Benton Harbor, Berrien county, Michigan:

| | |
|---|---:|
| Eleven thousand brick | $ 99 00 |
| Plastering 750 yards | 137.50 |
| Chimneys, 40 feet | 26.00 |
| Cistern, 40 barrels | 16.00 |
| Digging cellar | 12 00 |
| Paving cellar | 10.00 |
| Cementing cellar | 8.00 |
| Piers | 2.50 |
|     Total for labor and material | $311.00 |
| Paid on account, Aug. 20, 1888 ........$113 52 | |
|   "   "   "   Oct. 20, 1888 .......... 100 00 | |
|     Total payments | 213.52 |
|     Yet due and unpaid | $ 97.48" |

The plaintiffs demanded payment of Fred Hobbs, the husband of Nettie Hobbs, and he refused to pay. This demand was made on the tenth of November. At this time Nettie

Hobbs had fully paid the full contract price to McCartney, except $23, and it would require not less than $150 to complete the house as originally contracted for; and the refusal of Hobbs to pay was placed upon the ground that he had already paid McCartney.

Suit to enforce the lien was commenced on November 28, 1888, before a justice of the peace, who rendered a judgment against McCartney, but dismissed the case as to Nettie Hobbs. The plaintiffs appealed to the circuit, where they obtained judgment against both defendants, and the lien was held to be valid. Nettie Hobbs alone brings error.

The first error relied upon is that the improvement was made upon the homestead of the owner, and is based upon the following finding of facts, viz.:

" While there is no evidence of outward manifestations of such an intention, it is yet apparent that Mr. and Mrs. Hobbs had always intended from the time of the purchase to eventually occupy the premises as their homestead, and to fit it for occupancy whenever their joint means would permit, such to be done without interference with the business of the house in which Mr. Hobbs was a partner."

The court also found that Mr. and Mrs. Hobbs had resided in the village of Benton Harbor four years, and occupied leased premises, and that neither of them owned any other real estate in Benton Harbor. The statute (Act No. 270, Laws of 1887, § 1),[1] provides:

"That, in case such improvements are made upon any homestead, such lien shall not attach unless the contract so existing between such owner, part owner, or lessee and the person so performing such labor or furnishing such materials, or between such owner, part owner, or lessee and the original contractor, if there be one, and for the carrying out and completion of which such labor is performed or materials furnished, be in writing, briefly describing the premises upon which such improvements are made, or are to be made, and

[1] Act No. 270, Laws of 1887, was held unconstitutional in *John Spry Lumber Co. v. Sault Savings Bank, etc., Co.*, 43 N. W. Rep. 778.

signed by such owner, part owner, or lessee thereof, and by his wife, if he have one."

The case of *Reske v. Reske*, 51 Mich. 541 (16 N. W. Rep. 895), is cited in support of the position that this lot at the time the contract with McCartney was entered into was a homestead. That certainly is a very strong case in favor of the defendant's position. Present intention of occupancy as a homestead, with present action to carry the intention into effect, constitutes a homestead in law. Here the premises were purchased with the intention of occupying the lot as a homestead. She had no other homestead. The very contract she entered into with McCartney was for the purpose of constructing a home thereon for actual occupancy as a homestead. The improvements were made upon a homestead, within the meaning of the statute, and a lien would not attach unless the contract was reduced to writing, and signed by the owner, Mrs. Hobbs

There is nothing in the record to show that McCartney did not know that it was a homestead when he contracted to build the house; and there is nothing in the statute requiring the owner to give notice to the contractor, subcontractor, or material-man that such owner claims the premises as a homestead. It is the fact of it being a homestead or not that determines the right of lien. If the plaintiffs in this suit entered into the contract with McCartney, relying upon their right of lien, instead of the personal responsibility of McCartney, it was open to them to require a contract in writing before performing any labor, or furnishing any material, and, neglecting that, they have no lien under the statute.

The house and lot cost $1,636, upon which there is a mortgage of $400. The court found the present value of the premises to be $2,000, and plaintiffs' counsel claim that under such finding as to value the excess over $1,500 is not exempt. The question, however, is not what the premises are worth at the present time, but what was their value at the

time the plaintiffs claim their lien attached. If they were exempt at that time as a homestead, or if they were worth less than $1,500, and the improvement contracted for did not exceed that amount, deducting the mortgage, they would be classed as a homestead within the meaning of the Constitution and law.

Other questions were raised, involving the sufficiency of the proceedings to sustain a lien, but, as the above view disposes of the case, it is not necessary to discuss them.

The judgment will be reversed as to Nettie Hobbs, with costs of both courts.

SHERWOOD, C. J., CAMPBELL and LONG, JJ., concurred. MORSE, J., did not sit