## McALLISTER v. DES ROCHERS.

132 381
152 552

1. MECHANICS' LIENS—ASSIGNMENTS.
   3 Comp. Laws, § 10734, does not require a laborer or materialman to make and file a statement of his claim of lien before it is assignable.

2. SAME—ERROR IN STATEMENT—FORFEITURE.
   A clerical error in filing the statement of a lien, made in the honest belief that it is correct, will not subject the laborer or materialman to a forfeiture of his claim.

3. SAME—HOMESTEAD—CONTRACT NOT SIGNED BY WIFE.
   Where a parcel of land occupied as a homestead is worth more

than $1,500, the excess over $1,500 is liable for a laborer's lien under 3 Comp. Laws, § 10711, although the building contract is not signed by both husband and wife. MONTGOMERY and MOORE, JJ., dissenting.

4. SAME—EVIDENCE OF VALUE.

Where the testimony in a suit to foreclose certain liens upon a homestead shows that the house was substantially completed at the time the liens were filed, the value of the lot, the contract price of the house, the fact that it was taken too low, and that there were some extras, there is some evidence of the value of the property at the time the liens attached. MONTGOMERY and MOORE, JJ., dissenting.

Appeal from Houghton; Streeter, J. Submitted December 13, 1901. (Docket No. 189.) Reargued January 14, 1903. (Docket No. 38.) Decided March 9, 1903.

Bill by Hector McAllister against Edward Des Rochers and others to enforce a mechanic's lien. Defendants John Funkey, Sr., the Portage Lake Hardware Company, Limited, and David McIntyre filed separate cross-bills to foreclose similar liens. From a decree dismissing the several bills, the lien claimants appeal. Reversed.

Complainant was a laborer, and performed work upon a house erected upon a lot of defendant Des Rochers. Four other laborers assigned their claims to him before proceedings were commenced to enforce a lien. The other defendants filed separate cross-bills in the suit, to foreclose their liens on the same premises. Des Rochers let a contract for the erection of the building, but it was not signed by his wife. There was evidence showing that the lot was worth $450. The contract price for the construction of the building was $1,800, and there were claims for extras. The total amount of the liens was $575.83. The court below dismissed the bills for the reason that the premises constituted a homestead, and the liens could not be enforced because the wife had not signed the contract.

*Dunstan & Hanchette*, for appellants.

*Chadbourne & Rees*, for defendant Des Rochers.

Grant, J. (after stating the facts).  1. The first question urged by the defendant Des Rochers is that under the statute, until a statement is filed as provided therein, there is no lien or claim of lien which can be assigned under 3 Comp. Laws, § 10734.  We think this too narrow a construction to be placed upon the statute.  It provides that "all liens or claims for liens which may arise or accrue under the terms of this act shall be assignable, and proceedings to enforce such liens may be maintained by and in the name of the assignees."  The purpose of this statute was to permit those who furnished labor and material in the construction of the building to assign their claims, so that one proceeding in the interest of economy should suffice.  The statute does not require that the laborer or the materialman must first make and file a statement of his claim before he has an assignable claim.

2. Cross-complainant Funkey filed a claim for $271.41, whereas in fact there was due him only $217.41.  Mr. Funkey at no time claimed more than $217.41.  In filing the claim a clerical error was evidently made in the transposition of the figures,—a mistake not uncommon, even in briefs of counsel in the citation of authorities.  The agent of the Portage Lake Hardware Company filed a claim of $110.68, whereas in fact only $88.96 was due.  The error arose in charging up to the contractor some registers which were not used in Des Rochers' house.  They appear to have been entered upon the books, but were not stricken out, or the account credited with them, when the affidavit was filed.  We think there was no evidence of bad faith, or such carelessness as to bring the case within the rule in Gibbs v. Hanchette, 90 Mich. 657 (51 N. W. 691).

3. Can a mechanic's lien be enforced upon premises constituting a homestead, the value of which is in excess of $1,500 ?  The answer depends upon the construction to be placed upon the statute (3 Comp. Laws, § 10711), which reads as follows:

"In case the title to such lands upon which improvements are made is held by husband and wife jointly, or in

case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

Does the word "homestead," as used in the statute, mean the house, buildings, and premises occupied by the householder and his family as their home, without regard to value, or is it used in the more restricted sense of an exemption, as used in the Constitution? "Homestead," defined by the Constitution, does not mean the homestead as used in its popular sense, or as used in other branches of the law. One of its descriptions is its value, to wit, $1,500. Beyond that value it is not exempt. It was, therefore, early held by this court that where the homestead provided by the Constitution exceeds in value $1,500, and is indivisible, legislation was necessary in order to secure this exemption to a debtor, and that without such legislation no homestead exists in favor of the family. *Beecher* v. *Baldy*, 7 Mich. 488; *Zoellner* v. *Zoellner*, 53 Mich. 626 (19 N. W. 556). Subsequently, to meet this decision, the legislature provided for a determination of the value of the premises occupied as a homestead, and securing to the debtor $1,500. 3 Comp. Laws, § 10369. Under this act an appraisal is to be made when an officer has an execution or a decree to enforce against the homesteader. If the appraisal exceeds $1,500, the householder must pay the excess over and above that amount, or the amount due on such execution or decree, within 60 days. If he does not do this, the premises may be sold. A mechanic's lien was held enforceable under the above statute, although the lien law made no provision for a lien upon a homestead. *Lamont* v. *Le Fevre*, 96 Mich. 175 (55 N. W. 687). Mortgages and deeds not signed by the wife, though void as to the homestead, are valid as to the excess over and above the homestead. *Dye* v. *Mann*, 10 Mich. 291; *Wallace* v. *Harris*, 32 Mich. 380. This holding applies only to cases where the premises are divisible. A mort-

gage for the purchase price is valid without the wife's signature. *Amphlett* v. *Hibbard*, 29 Mich. 298.

We think the legislature in this act used the word "homestead," not in its broad and popular definition, but in its restricted definition as used in the Constitution. The purpose was not to exempt the premises used for the family as a home from the operation of the lien law so as to protect premises worth, perhaps, $50,000 or more, but to protect the homestead provided for in the Constitution. Counsel say that laborers and materialmen might protect themselves by ascertaining whether the contract is signed by the wife. So they might do this where no lien is provided for; and, if such men had always been thoughtful and careful enough to so protect their interests, there would have been no necessity for any lien law. Under the construction contended for by defendant Des Rochers, the lien law would be valueless in a large part of the transactions in which laborers and materialmen are engaged. We think the learned circuit judge erred in the conclusion reached.

4. Counsel for defendant contend—citing *Mills* v. *Hobbs*, 76 Mich. 122 (42 N. W. 1084)—that the value of the premises at the time the lien attaches controls, and that there is no evidence in this case of the value at that time. The testimony shows that the house was substantially, if not entirely, completed at the time the liens were filed. This appears from the fact that Mr. McIntyre, who had the contract for painting and finishing the house, for which he was to receive $100, with certain extra charges, had nearly completed his work, when Des Rochers refused to let him finish it. The value of the lot, the contract price for erecting the building, the extras furnished, and the testimony that the contract was taken at too low a figure, are some evidence of the value of the property; and upon this basis it is worth the full amount of the liens over and above the homestead exemption. When proceedings are taken under the decree of foreclosure, steps must be taken under section 10369, above

132 Mich.—25.

cited, and the interests of the defendant in this regard can then be fully disposed of.

Decree reversed, and decree entered for the complainant and cross-complainants, with the costs of both courts.

Hooker, C. J., and Carpenter, J., concurred with Grant, J.

Montgomery, J. (*dissenting*). I cannot agree with my Brother Grant in his conclusion in this case. It cannot be doubted that the legislative declaration in 3 Comp. Laws, § 10711, that a lien shall attach to a homestead for improvements made upon the property under certain conditions, excludes a lien in all other cases. It is required, then, that, before a lien shall attach "in case the lands upon which the improvements are made are held and occupied as a homestead," there shall be a contract in writing, signed by both husband and wife. That the premises in this case were so used and occupied within the meaning of the statutes relating to homesteads appears not to be questioned. But a construction of the word "homestead" is adopted which, it seems to me, is entirely untenable. If it is true that the word "homestead," used in this sentence, means a homestead not exceeding in value $1,500, then it logically follows that no writing is required in such case, and the lien attaches to the whole property, not to the excess over $1,500, for the only requirement of writing is as to property held and occupied as a homestead. If, on the other hand, this property is in fact held and occupied as a homestead, then, unless we ignore the plain language of the statute, no lien can attach unless the contract therefor be in writing. This construction of the term "homestead" is plainly that which has been adopted by the legislature. If we turn to 3 Comp. Laws, § 10362, we find the legislature declaring that:

"A homestead, consisting of any quantity of land not exceeding forty acres, and the dwelling house thereon and its appurtenances, to be selected by the owner thereof, and

not included in any recorded town plat,  *  *  *  shall not be subject to forced sale on execution."

If this section stood alone, it is very clear that the value of the exempted property would not affect the right of exemption.   It is only by virtue of other provisions of the act, namely, section 10369, that the limit of $1,500 is fixed, by authorizing a proceeding under which the excess in value over $1,500 may be reached.   The statute in this case (3 Comp. Laws, § 10711) contains no such provision. The lien does not attach in any case to lands held and occupied as a homestead, unless the contract be in writing.

There is another difficulty that confronts the complainant in the present case, as it seems to me.   This record fails to show what the value of the premises was at the time the lien attached.   By this I do not mean at the time the claim of lien was filed, but at the time when the work was done.

In my opinion, the decree should be affirmed.

MOORE, J., concurred with MONTGOMERY, J.