McMILLAN *v.* SCHNEIDER.

1. Mechanics' Liens — Right to Lien — Waiver by Owner — Rights of Garnishee.

Where a wife did not sign a contract for improving land owned by herself and her husband jointly, as required by section 10711 to create a right to a mechanics' lien for the improvement, she cannot, by consent to the entry of a decree establishing a lien, postpone the rights of a garnishing creditor of the contractor.

2. Garnishment—Building Contract—Amount Due—Evidence.

Where the owner of a building, on being garnished in a suit against his contractor, discloses that the work is done but that nothing is due because the work has not been accepted and the architect's certificate issued, and because the contractor owes his men and the building is liable for liens, the plaintiff may show that the contract has been performed and the architect's certificate waived or improperly withheld.

3. Same—Evidence—Sufficiency.

On the issue whether anything was due a building contractor at the time suit was brought against him and the owner garnished, evidence examined, and *held,* sufficient to controvert the facts set out in the disclosure to the effect that nothing was due because the work had not been accepted and the certificate issued by the architect, and to support recovery against the owner on the theory that the work was done and the architect's certificate waived or improperly withheld.

Error to Wayne; Rohnert, J. Submitted October 10, 1906. (Docket No. 46.) Decided March 5, 1907.

Garnishment proceedings by Margaret McMillan against William Schneider as garnishee of William Lappin. There was judgment for plaintiff on a verdict directed by the court, and defendant brings error. Affirmed.

Plaintiff and appellee, in October, 1904, began suit

against one William Lappin in the justices' courts of Detroit, and, in November, 1904, she recovered a judgment for $197.50, damages, and $3.75, costs of suit. At the same time, she instituted garnishment proceedings against appellant as garnishee of Lappin, and in the garnishment proceeding, in January, 1905, she obtained a judgment against the garnishee defendant for $202.50 and $2, costs of suit. From this last-mentioned judgment, an appeal was taken to the circuit court for the county of Wayne, and, coming on, on March 21, 1906, to be tried, it was made to appear that in September, 1904, a written agreement was entered into between the garnishee defendant, Schneider, appellant here, and the said Lappin, by the terms of which Lappin was to furnish the labor and material for excavating for the foundations of a brick store building in the city of Detroit, and to be paid therefor the sum of $326, as the work progressed, on the presentation of the architect's certificate, less the sum of 20 per cent. on each estimate, which was to be kept in reserve until the work was completed and accepted. The property in question was owned by the defendant, Schneider, and his wife, jointly, but his wife did not sign the contract. The first disclosure made by the defendant in garnishment showed the amount due to Lappin to be $326. Subsequently, a number of disclosures in writing were filed, the first of which set up the contract just referred to, that no certificate of the architect had been issued or presented, that on or about the 19th of November, 1904, there had been served upon defendant a statement made by said Lappin, conforming to the provisions of 3 Comp. Laws, § 10713, which showed that said Lappin was indebted for labor employed in fulfilling said contract in the amount of $332.70, that defendant, under the provisions of the mechanic's lien law, was liable to the laborers aforesaid for the respective amounts set out in said statement, and also for any additional amounts, liens for which might be asserted and filed within 60 days after the contract was performed, that the last labor performed on said excavation

was October 20, 1904. There is a formal denial of any
liability to the principal defendant. In January, 1905, a
second written disclosure was filed, setting out that on the
12th day of December, 1904, claims of lien were filed in
the office of the register of deeds for the county of Wayne
and served upon defendant, including one filed by said
Lappin, for the sum of $326, the total of the amount of all
liens filed being $409.50. March 20, 1906, a third written
disclosure was filed in the circuit court for the county of
Wayne, setting up that on the 12th day of December,
1905, a bill of complaint had been filed in the circuit court
for the county of Wayne, in chancery, by the assignee of
one of said lienors for the purpose of foreclosing the said
claimed liens; that William Schneider and Mathilda, his
wife, the owners of the property, and William Lappin, the
principal contractor, had been made parties to said bill;
that an answer and cross-bill had been filed by said Lap-
pin, setting up his claim of lien and asking that the prop-
erty be sold to satisfy the amount due thereon, and that
the said chancery cause was then at issue. On March 21,
1906, a further disclosure was filed in the circuit court for
the county of Wayne, which set up in substance that said
chancery proceeding to enforce said liens had been, on
March 20, 1906, heard and determined, and that the effect
of said determination, evidenced by the order and decree
of the circuit court for the county of Wayne, in chancery,
therein, was that defendant was indebted to said Lappin
under the contract in the sum of $326; that the other
liens asserted were valid and subsisting liens for the sum
of $101.57, and the lien of said Lappin was a subsisting
lien for the balance of the amount due on the contract,
which was the sum of $224.43, and the premises were
ordered to be sold to satisfy said liens; that said decree
was a complete defense to any liability on the part of said
defendant as garnishee of said Lappin. Said decree con-
tained the following recital:

"This cause coming on to be heard after reading the
proofs and pleadings on the original bill of complaint and

the answer of William Lappin in the nature of a cross-bill. And thereupon, by and upon the consent in open court of said George W. Bates, Esq., as solicitor for said defendant, Mathilda Schneider, waiving any and all objection to a decree being entered in said cause declaring· the several amounts due the said Sando Allegro and William Lappin respectively, for labor as liens upon the interest of said Mathilda Schneider in the premises hereinafter mentioned equally upon the said interest of William Schneider therein as joint owners of the said premises on which improvements hereinafter mentioned were made," etc.

The appeal in the garnishment case resulted in a verdict for the plaintiff against the defendant for $216.42 by direction of the court. Upon this verdict a judgment was entered. Later, a motion for a new trial was made and was denied. In directing a verdict, the learned trial judge stated the questions presented in the following language·

"There are two questions raised in the court's mind upon this proposition; one is whether the indebtedness from Schneider to Lappin, whatever it may have been, is reachable by garnishment process as of the 29th day of October, 1904, the date when the garnishment was served in this case; and the other question is whether judgment should now be rendered in this case for the amount which is found to be due from said Schneider to said Lappin under a decree of this court in the lien case, the court having decreed a lien upon Schneider's premises for the amount. On the first proposition, I think the garnishment process can reach the indebtedness. It certainly could reach the indebtedness if no claim of lien had been filed. It does not occur to me that the law ever contemplated that it should be left to the defendant in the original suit by electing to claim a lien to exercise the privilege of determining whether garnishment process should reach it or not, and it must necessarily be left to him if his claim of lien would cut off that right. On the second proposition, the amount due Schneider to Lappin was found to be due by the decree of the court yesterday, and the court gave a lien for the amount upon Mr. Schneider's property. That indebtedness is now due and payable, and I think it is proper to reach that indebtedness by judgment in this garnishment proceeding.

"There may possibly be a third question, and that is whether this court can render judgment in this case now, the justice court having attempted to render judgment at the time when the indebtedness from Schneider to Lappin had not been determined in the lien case. I consider it good law, and I will hold that the appeal from the judgment in the justice court to this court, gives this court jurisdiction to try this case de novo, and that the court, now that the amount of the indebtedness is fixed in the lien proceedings, has jurisdiction to reach the amount of that indebtednes by judgment in the garnishment suit, and verdict will be directed accordingly. And I do direct the verdict for the plaintiff against the defendant for the sum of $216.42."

Three propositions are advanced and are argued by counsel for appellant. They are:

"*First.* That the failure to present the architect's certificate as to the completion of the work and its acceptance by the architect, operated to prevent the amount from being due and payable, so that there was nothing due at the service of the garnishment.

"The disclosure of November 29, 1904, shows that the work had not been completed nor accepted by the architect. This is conclusive, unless controverted, which was not done.

"*Second.* That a mechanic's lien under the provisions of the Michigan statute takes priority to all garnishments for the contract debt made prior or subsequent to the furnishing of the materials or performance of the labor without regard to the date of filing the claims of lien.

"1. Such law gives Lappin's lien priority by the express words of the statute.

"2. Its history shows that it was the intention of the legislature to enlarge the scope of the mechanics' lien law to include garnishments.

"*Third.* That this judgment is void for want of jurisdiction.

"1. There was no jurisdiction in the justice of the peace to render the judgment of January 11, 1905, because there had been no determination of the indebtedness represented by Lappin's claim of lien, nor those of the laborers mentioned in the sworn statement.

"2. There was also no jurisdiction in the circuit court to determine this indebtedness, because the circuit court

on appeal has no further jurisdiction than that possessed by the justice.

"3. The circuit court cannot, on appeal, render a judgment de novo.

"4. Such indebtedness can only be determined in a court of chancery in lien proceedings.

"5. The decree in *Allegro* v. *Schneider* had no bearing on the determination of this indebtedness or the validity of the liens in this suit.

"6. There was in fact no determination of this indebtedness."

The section of the statute in question reads:

"(10711) Sᴇᴄ. 2.   In case the title to such lands upon which improvements are made is held by husband and wife jointly, or in case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

*George W. Bates*, for appellant.

*Harry L. Schellenberg*, for appellee.

Oꜱᴛʀᴀɴᴅᴇʀ, J. (*after stating the facts*).   The contract for the improvement and the performance of labor thereunder do not support the asserted lien.   The statute before amendment read:

"And in case the title   *   *   *   is held by husband and wife jointly, the lien given by this act shall attach to such lands and improvements, if the improvements be made in pursuance of a contract with both of them, or in pursuance of a contract with one of them by and with the knowledge and consent of the other."   Section 2, Act No. 179, Pub. Acts 1891.

The decision in *Jossman* v. *Rice*, 121 Mich. 270, in which this statute was considered, goes upon the ground that the land, the title to which was in the husband and wife jointly, was also a homestead, and it was held that the lien for improvements could not affect the land or the

title thereto, the contract for the improvement not having been signed by the wife. In the present statute homesteads and lands held jointly by husband and wife are classed together, the clear meaning being that no lien shall attach to lands so held unless both husband and wife join in a written contract for the proposed improvement. It is not necessary to determine whether the wife may, in any case, by failure to interpose objection, or by consent to the entering of a decree establishing a lien, perfect the lien and the title resulting from a sale of the land in its enforcement. It is sufficient to say that she cannot, by such action, disestablish or postpone the right of one asserting a prior right to the land or to the proceeds of the contract. *Wiltsie* v. *Harvey*, 114 Mich. 131; *Dittmer* v. *Bath*, 117 Mich. 571.

We thus dispose, adversely to him, of all of appellant's contentions excepting the one that, at the time the garnishment suit was begun, nothing was due from defendant to Lappin because the work had not been at that time accepted by the architect. Upon this point, counsel for appellant invokes the rule approved in *Hanley* v. *Walker*, 79 Mich. 607 (8 L. R. A. 207). The application of the rule here does not necessarily defeat the recovery. The question is whether there was anything due to Lappin from defendant at the time the writ of garnishment was served. Upon this point, defendant had the right to set up in his disclosure and defense any and every fact which would be available in a suit brought against him by Lappin. In his first disclosure, he admitted there was due from him to Lappin the sum of $326. In the second (first written) disclosure, he denies that any sum is due, because the work is not completed and accepted by the architect, and because he had received notice from Lappin that he owed his men, who might file and enforce liens. In this disclosure, it is asserted that the last labor was performed before the suit in garnishment was begun. It was not then, or at any time, claimed that any part of the contract price for the work had been paid. Assuming

that Lappin had performed his contract, and that the certificate of the architect had been waived or was improperly withheld, it is clear that there was due from defendant to Lappin, at the time the writ was served, the sum of $326. The plaintiff in garnishment had the right to prove that the facts assumed were true. 1 Comp. Laws, §§ 995, 999, as amended by Act No. 172, Pub. Acts 1901. See *Webber* v. *Bolte*, 51 Mich. 113. It must be presumed that he did this to the satisfaction of the justice of the peace. At the trial of the appeal in the circuit court, the same issue was presented. There was testimony to the effect that the attorney for plaintiff called upon the architect and was told by him that he would never issue a certificate until Lappin paid the demand of plaintiff. There was no evidence tending to prove that the work was not completed and not accepted, excepting the said disclosures. It is not now contended that defendant did not, in fact, owe Lappin, at the time the writ was served, the full contract price. There was, therefore, evidence controverting the facts set out in the second disclosure and controverting the legal conclusions which it was intended and claimed should be drawn from the facts. In my judgment, this evidence is conclusive, and supports the ruling and determination of the trial judge.

The judgment is affirmed.

Grant, Blair, Montgomery, and Hooker, JJ., concurred.