152    547
155   ²605

SCOTT *v.* KEETH.[1]

1. SALES—WARRANTY—WAIVER—ACCEPTANCE.
   Where a contract for the installation of a steam-heating plant guaranteed that it should be capable of warming the building to a certain degree and that the work and materials should be free from mechanical defects for a period of three years, and that an acceptance of the work should not be deemed a waiver of the guaranty, an acceptance of the plant after a test which led the purchaser to believe that it complied with the contract did not waive his right to an action for a breach of the guaranty.

2. HOMESTEAD — LIABILITY ENFORCEABLE — MECHANICS' LIEN — STATUTES—CONSTRUCTION.
   Under section 10711, 3 Comp. Laws, a mechanics' lien is enforceable against the interest of the owner in property occupied as a homestead in excess of the homestead exemption of $1,500, though the wife of the owner did not join in the contract.

3. MECHANICS' LIENS — ENFORCEMENT — HOMESTEAD — VALUE — PROOF—SUFFICIENCY.
   Where, upon a bill to enforce a mechanics' lien for installing a steam-heating plant of the value of upwards of $1,000, it appears that the building is a three-story one, with two stores below and 25 living rooms or suites above, it will be assumed that the building is of greater value than the homestead exemption of $1,500 and the amount due upon a mortgage, since, if it is not, the fact will appear when an effort is made to sell it upon the decree.

4. SAME—DECREE—ENFORCEMENT—EXECUTION.
   Complainant in a bill to enforce a mechanics' lien may be awarded an execution to enforce the money decree, without awaiting a sale showing a deficiency.

Appeal from Saginaw; Beach, J.   Submitted April 10, 1908.   (Docket No. 34.)   Decided May 1, 1908.

Bill by Edward E. Scott against William H. Keeth and

[1] Rehearing denied June 27, 1908.

wife and the Citizens' Savings Bank of Holly to enforce a mechanics' lien. From a decree for complainant, defendant William H. Keeth appeals. Modified and affirmed.

*Davitt & Davitt*, for complainant.

*F. E. Emerick*, for appellant.

HOOKER, J. The complainant's bill was filed to enforce a lien on a double three-story business building in the city of Saginaw for labor and material furnished under and in connection with a contract to install a steam-heating plant therein. The bill states that the contract provided for the erection of a steam-heating plant, etc., and that $425 was due upon it, while the item for extra work was not covered by the written contract, and amounts to $120.70. It alleged that the Citizens' Savings Bank of Holly, Michigan, was the holder of two mortgages upon the premises at the time said contracts were made, and Keeth and the bank were made defendants. Mrs. Keeth was made a defendant after it appeared from Keeth's answer that the building was claimed to be a homestead. All the defendants answered.

The cause was heard upon the merits and a decree was made favoring the complainant. It provided that the complainant should recover from Keeth the sum of $597.31, and that the same should be a lien upon the entire steam-heating apparatus, and upon all of the interests of defendant Keeth in the premises on August 13, 1903, describing said premises, but subject to Mrs. Keeth's homestead rights, and subject to the rights of the bank under one of the mortgages, the other having been paid. It provided further, that if the defendants should disconnect the boiler described in the bill and should deliver the same unimpaired to the complainant at the premises, within 30 days of the date of the decree, the sum of $300 should be deducted from the amount of the decree. Costs were awarded to complainant and these were made a lien upon the premises, subject to the rights before mentioned,

and execution was ordered to issue at complainant's option. The decree appears to have been satisfactory to all parties except defendant William Keeth, who alone has appealed.

Merits. Defendant Keeth claims that the complainant's claim for installing the heater never became due, for the reason that the plant does not and never has complied with the provisions of the contract. The learned circuit judge has not in his decree, or in any opinion, stated that it did comply with the contract except as it may be inferred from the fact that he found the contract price due and a lien upon the premises, and perhaps that is not inconsistent with the fact that the plant has never been made to do the work guaranteed by the contract. The contract consists of a submission of written specifications of the apparatus and work with a guaranty and proposal signed by the complainant, accepted in writing over the signature of Mr. Keeth.

The following extract contains a copy of guaranty and method of payments:

"Upon completion of the work herein specified the apparatus shall be tested in the presence of the owner or his representative. The owner shall supply all necessary fuel for testing said apparatus. * * *

"Guarantee.

"When the apparatus herein proposed to be furnished is completed in accordance with the conditions herein, I guarantee that it shall be capable of warming all rooms mentioned in the schedule except second floor hall, to the temperature mentioned herein, during the coldest winter weather, when the building is furnished and occupied. I also guarantee that all work and materials furnished by me shall be free from any mechanical defects for a period of three years from the time the work is completed; it being understood and agreed that such acceptance shall not be deemed a waiver by you, of the guarantee made by us and set forth in this proposal. If, after this apparatus shall have been accepted by you and part thereof constructed by me under this proposal shall fail to accomplish this guarantee herein contained, I agree to examine, test

and remedy such defects at my own costs and expense, within a reasonable time after having received notice of such defect.

### "Extras.

"It is intended by these specifications to provide for the furnishing and setting up by us as otherwise stipulated, of everything essential to a complete and perfect working, low pressure steam apparatus, for the building named, and accordingly everything required for such an apparatus except as aforesaid, shall be furnished and set up by me, without extra charge to you.  *  *  *

"I will furnish all materials, tools and labor to complete heating and plumbing as per the above specifications, for the sum of Ten hundred and seventy-five dollars ($1,075).

### "Payments.

"The first payment to be made when the material is delivered and to be the sum of Five hundred dollars ($500). *Second,* when completed, Three hundred and seventy-five dollars ($375).   *Third,* January 1st, 1904, One hundred dollars ($100).   Balance March 1st, 1904, $100."

This work was completed in January, 1904, and the bill was filed in April of that year. The decree was made December 30, 1905.

Evidently defendant Keeth accepted this plant after a test which doubtless led him to believe it a compliance with the contract. He did not thereby waive his rights under the guaranty, and he has consistently and repeatedly asserted his dissatisfaction with the plant, and we may add that the proof is persuasive that the complainant has not complied with his guaranty. But we do not decide this for the reason that it is not controlling upon this record. It is not a case where defendant has asked affirmative relief, nor is there proof from which we can determine the amount, if anything, which should be awarded, if the question of recoupment could be considered. The circuit court could not avoid allowing complainant's claim for the contract price, and had complainant appealed we might have found difficulty in affirming the option given defendants of removing and returning

the boiler as provided in.the decree.   But the option was disregarded and the time for its exercise has long since expired, and therefore it will not be discussed.

The claim for extra work was proved.   We feel justified in saying that the two items were a legal charge against defendant Keeth, subject to his right of action upon the guaranty.

Lien.   Several questions relating to a right to a lien have been discussed.   So far as the rights of the wife and the bank are concerned, they are made secure by the decree, complainant not having appealed.   Mr. Keeth, however, claims that, inasmuch as a portion of the building was occupied as a residence by him, it was not subject to a lien, inasmuch as his wife did not sign the contract; also that if he is not sustained upon that ground, the total absence of proof of value precludes a decree for complainant; also that execution cannot issue against him until a sale has shown a deficiency.

Homestead.   Defendant's counsel rely on 3 Comp. Laws, § 10711, to sustain his claim that a homestead is not subject to lien where the contract has not been signed by a wife.

As the law stood in 1885, Act No. 216, a lien was permitted to attach subject to the homestead exemption.   See *Lamont* v. *Le Fevre*, 96 Mich. 175.   See, also, *Mills* v. *Hobbs*, 76 Mich. 122.

Act No. 179, Pub. Acts 1891, § 2, provided:

"If any such services are performed or materials are furnished upon lands belonging to any married woman, with her knowledge and consent, in pursuance of a contract with the husband of such married woman, the person furnishing such labor or materials shall have a lien upon such property the same as if such contract had been made with such married woman.   And in case the title to such lands upon which improvements are made is held by husband and wife jointly the lien given by this act shall attach to such lands and improvements, if the improvements be made in pursuance of a contract with both of them, or in pursuance of a contract with one of them by and with the knowledge and consent of the other."

This was amended by Act No. 143, Pub. Acts 1897, being 3 Comp. Laws, § 10711:

"In case the title to such lands upon which improvements are made is held by husband and wife jointly, or in case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

It is contended that this section precludes a lien attaching to any homestead, just as it does to any land held by entireties, where the same is not based on a written contract signed by both husband and wife, and counsel for defendant insists that we have so held in the case of *McMillan* v. *Schneider*, 147 Mich. 263, and *Bauer* v. *Long*, 147 Mich. 351. Neither of these cases turned on the question in this case, for both were cases of land held by entireties, and it is clear that the statute does not authorize a lien in such a case, regardless of the question of homestead, as we held in those cases. We refused to sustain defendant's contention as to homestead in the case of *McAllister* v. *Des Rochers*, 132 Mich. 381, sustaining a lien under such circumstances. There is an obvious opportunity for a distinction in the furtherance of justice, by construing the term homestead as used in this statute to mean the mere homestead interest, as the court has done in earlier cases. The excess over $1,500 was subject to a lien for these claims. We do not consider the question whether the lien could attach to Keeth's homestead interest as the point is not made and it is unimportant.

Value. It seems to be conceded that no witness testified to the value of the premises, but it is shown that it is a three-story building with two stores below and 25 living and sleeping rooms or suites above, having a heating apparatus costing over $1,000. We do not discover that this point was urged below or that there is any assertion that this property was not of greater value than the value of the homestead, and the amount due upon the mortgage.

We will therefore assume that it is.   If it is not, it will be made to appear when an effort is made to sell it, in case the amount of the decree shall not be sooner paid.

Execution.   We see no objection to allowing complainant an execution to collect a money decree, although in a case to foreclose a lien.

The decree will be affirmed except as to that portion permitting a reduction by the removal and delivering of the boiler, and with the usual provisions regarding the usual proceedings for sale, etc.   A new decree may be taken in this court in accordance with this opinion, and without prejudice to defendant's rights, if he has any, upon the contract and guaranty.   Complainant will have costs.

BLAIR, MONTGOMERY, OSTRANDER, and MOORE. JJ., concurred.