HOLLAND FURNACE CO. *v.* HARTIG.

MECHANICS' LIENS—HOMESTEAD—HUSBAND AND WIFE.
  Where complainant installed a furnace in the homestead
  of the defendants under a contract with the wife alone,
  who had no authority to act as agent for the husband,
  and such husband signed no written contract as required
  by 3 Comp. Laws, § 10711 (5 How. Stat. [2d Ed.] § 13767),
  and at no time recognized the written agreement, no lien
  was enforceable against the property.

Appeal from Bay; Collins, J. Submitted January
9, 1914. (Docket No. 44.) Decided July 24, 1914.

Bill by the Holland Furnace Company against Emil Hartig and another for the enforcement of a mechanics' lien. From a decree for defendants, complainant appeals. Affirmed.

*James Donnelly* and *Visscher & Robinson*, for complainant.

*E. E. Anneke* and *W. A. Collins*, for defendants.

McALVAY, C. J. In this case complainant filed its bill of complaint to foreclose a mechanic's lien upon certain premises occupied by defendants in Bay City, Mich., for the price and value of furnishing and installing therein a certain furnace, together with all the piping and fitting and material connected therewith, and the labor performed thereon. The title to these premises was in defendant Emil Hartig. The other defendant is his wife, and these premises were occupied by them as their homestead. Complainant, a Michigan corporation, was engaged in the business of manufacturing and installing furnaces. Providing this furnace, together with its equipment and the labor and material for installing the same, was undertaken by complainant under a written proposal, dated December 21, 1910, in which it was proposed and agreed by complainant to furnish "Mr. E. Hartig, of Bay City, Mich.," in consideration of the payment of $235 on the completion of the work, and put into his residence in Bay City, Mich., one of its furnaces complete, of a certain size, and under certain conditions and guaranties, that the furnace would warm all rooms which had been completely piped, with proper fuel furnished by the owner. This was accepted in the following terms:

"I hereby accept the above proposal and terms.
[Signed]   "MRS. E. O. HARTIG."

The last of the labor was performed and the ma-

terial furnished under said agreement April 6, 1911.

Defendants answered the bill of complaint, Emil Hartig denying all knowledge of the allegations contained therein and asserting that he never entered into any contractual relations with complainant, and denied all liability to complainant for the work, labor, and material done and furnished in installing this heating apparatus upon the premises described, which he admitted belonged to him.

The defendant Mrs. Hartig answered, admitting that she entered into a contract with complainant to install the furnace, but denies that the furnace was installed as agreed, and charges that the furnace absolutely failed to heat the residence and make it fit and habitable; that she ordered complainant's agent to take it out because of its failure to do the work represented.

These premises were occupied by defendants, husband and wife, as a homestead in Bay City, and were of the value of $2,400.

After a hearing upon the issue joined between the parties upon the pleadings in which proofs were taken, the case was submitted to the court, and a decree dismissing the bill of complaint was granted to defendants. Complainant has appealed from this decree.

Sufficient of the facts in the case have been stated to properly consider and dispose of the material question raised, which is whether the mechanic's lien given by the act attached to these premises under the contract in question. As stated, the title to these premises was in defendant Emil Hartig. The section of the act relied upon by defendants reads as follows:

"SEC. 2. In case the title to such lands upon which improvements are made is held by husband and wife jointly, or in case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to such lands and improvements if the improvements be made in

pursuance of a contract in writing signed by both the husband and wife." Section 10711, 3 Comp. Laws; Act No. 179, Pub. Acts 1891.

See, also, section 13767, 5 How. Stat. (2d Ed.).

It is not disputed but that the premises upon which the mechanic's lien in this case is claimed were occupied by the defendants husband and wife, as their homestead. Complainant in its supplementary brief does not question that by the decisions of this court a homestead is not subject to a mechanic's lien unless both husband and wife sign the contract, but it is contended that there was a contract with Mr. Hartig, the owner, made and entered into and signed by his wife in his behalf and authorized by him. As far as the written contract is concerned, it was, as already stated, accepted and signed by Mrs. Hartig in the following words:

"I hereby accept the above proposal and terms.
              [Signed]   "MRS. E. O. HARTIG."

The record shows that the complainant's agent had no interview with defendant Emil Hartig in reference to the contract, and that the negotiations he had were with Mrs. Hartig. He testifies:

"I did not ever have any talk with Mr. Hartig himself about making this deal. All our business was transacted with Mrs. Hartig."

The only interview he had with Mr. Hartig was to collect for the furnace after it was installed. The testimony relied upon by complainant to show Mrs. Hartig's authority is her statements of the authority she had, the fact that Mr. Hartig knew a furnace was being put in the house, and his cross-examination to the effect that he made no arrangements with complainant to put in the furnace, but left it to his wife to look after.

We agree with the finding of the learned trial judge, who, in his opinion, said:

"In respect to the defendant Emil Hartig, the proofs show that he did not undertake to make this contract his contract, or his wife his agent, or in any way to become a party to the contract at or before the execution of the same, and that he did not by any admission or conduct, before the contract was signed and before the work of placing the furnace was completed, cause the complainant to believe that he was the principal in said contract and that his wife was his agent in the making of the same, or in having the work done thereunder. So far as the proofs show the complainant treated Mrs. Hartig as the principal in the making of the contract and in the work done thereunder."

The conclusions of the trial judge are supported by the evidence. We desire to add that in signing the contract Mrs. Hartig did not in any manner refer to her husband by signing it for him as his agent or by signing his name by her.

It is further contended by complainant that this case is controlled by the cases of *McAllister* v. *Des Rochers*, 132 Mich. 381 (93 N. W. 887), and *Scott* v. *Keeth*, 152 Mich. 547 (116 N. W. 183). In each of these cases the husband, owner of the property, signed the contract; in neither instance was it signed by the wife. In this respect these cases are distinguishable from the instant case. Both cases were decided upon the proposition that a mechanic's lien can be enforced upon premises constituting a homestead, the value of which is in excess of $1,500, for the amount of such excess. In the first case two of the five justices who sat dissented in an able opinion. The second case relied upon was decided upon the authority of the first case.

In the instant case the owner of the premises never signed a contract in writing or authorized an agent to do so for him or recognized in any way such contract or his liability under it. This court in no case under such circumstances has held that a mechanic's

lien will attach to premises occupied by a husband and wife as a homestead, but has consistently followed the decisions in *McMillan* v. *Schneider,* 147 Mich. 258 (110 N. W. 961), and *Bauer* v. *Long,* 147 Mich. 351 (110 N. W. 1059, 118 Am. St. Rep. 552, 11 Am. & Eng. Ann. Cas. 86), and cases cited therein.

The decree of the circuit court is therefore affirmed, with costs against complainant.

BROOKE, KUHN, STONE, OSTRANDER, BIRD, MOORE, and STEERE, JJ., concurred.