## HOLLIDAY v. MATHEWSON.

1. MECHANICS' LIENS—CLAIM OF LIEN—STATEMENT—FILING—SERVICE—SUFFICIENCY.

Delay in serving upon the owner the statement required by section 10713, 3 Comp. Laws, until after the claim of lien required by section 10714 has been filed in the office of the register of deeds, is not fatal to a mechanics' lien, where the statement is served before the time to file a lien expires, the lien not becoming effective until the statement is served.

2. HOMESTEAD—BUILDING LOT—MECHANICS' LIEN — APPLICATION.

Where a husband and father builds a house upon a lot belonging to his father pursuant to a promise that the land will be given to him for a home, and the family, on completion of the house, occupy the place as a home, having no other, and owning no other real estate, the place is a homestead and the lot is not subject to a mechanics' lien for a debt incurred in building the house, the wife not having signed the contract for building the house.

3. SAME—MECHANICS' LIEN—REMOVAL OF BUILDING.

Where a new house is built upon land to which the owner has not the legal title, but which is devoted to the purposes of a homestead for his family and therefore exempt from a mechanics' lien for the reason that his wife did not sign the contract under which the house is erected, the lien may attach to the house separate from the land and be enforced by sale and removal of the house (sections 10710, 10712, 10718, 3 Comp. Laws).

Appeal from Genesee; Wisner, J. Submitted August 17, 1906. (Docket No. 116.) Decided November 13, 1906.

Bill by Franklin E. Holliday against Edward C. Mathewson and others to enforce a mechanic's lien. From an order overruling a demurrer to the bill, defendants appeal. Affirmed.

*Black & Roberts,* for complainant.

*Carton & Bray,* for defendants.

HOOKER, J. A bill filed to enforce a mechanic's lien was demurred to. Upon the hearing the parties filed a stipulation, setting forth the facts of the case, and consenting that they should be considered as incorporated in the bill of complaint for the purposes of the hearing. Stephen Mathewson is the father of Edward C. Mathewson, who is the husband of Lena B. Mathewson. They have two children. Some time prior to the erection of the dwelling house upon the premises described in the bill, Stephen said to Edward, "If you will build a house for yourself upon the premises [described in the bill], I will give you the lot, and you can have it for your home." Thereupon Edward made a contract with complainant for the erection of the house in controversy. At that time Edward owned no other real estate, and had no home of which he was owner. He caused this house to be erected for the purpose of making a permanent home for himself and family, and he now lives in said house, and occupies it with his family for a home, and owns no other house, lot, or premises. Lena was not a party to the contract in writing between the parties, but was fully cognizant of its execution by the complainant and took part in and gave advice in relation to the manner of the construction of said dwelling, and about changes and alterations made in the plans, and was fully aware that said contract had been made and was being performed by complainant, and she contributed no money to pay for the same. When the house was nearly completed, the defendant Edward and his family moved into it, where they have resided since.

On July 1, 1903, complainant filed his claim of lien in the usual form with the register of deeds, but at that time he had not served upon the defendants, or any of them, a sworn statement of the number and names of every subcontractor or laborer in his employ, and of every person furnishing materials, giving the amount due or to become due to them for work done or material furnished, as required by statute. It was served upon Edward later; i. e.,

146 MICH.—22.

July 3, 1903. The time within which complainant might file his lien did not expire until July 5, 1903. The bill was filed after December 1, 1903, and at that time Stephen Mathewson held title to the land, not having transferred it to Edward.

The grounds of demurrer are: (1) The claim of lien was invalid because filed before the statutory statement was served. (2) The dwelling house is the homestead of Edward and Lena Mathewson, and not subject to lien. The demurrer was overruled, and the defendants have appealed.

We are of the opinion that the delay in serving the statement is not fatal to the lien. No lien attached by the filing of the claim, but when the statement was served the claim became effective. It is unimportant that the statement was served after the claim was filed. Both were done within the statutory period, and a lien was perfected on July 3d by the service of the statement. There is nothing in the various cases cited inconsistent with this holding. 3 Comp. Laws, § 10714; *Sterner* v. *Haas*, 108 Mich. 488; *Martin* v. *Warren*, 109 Mich. 584; *Barnard* v. *McLeod*, 114 Mich. 73; *Wiltsie* v. *Harvey*, 114 Mich. 131; *Dittmer* v. *Bath*, 117 Mich. 571; *Kerr-Murray Manfg. Co.* v. *Power Co.*, 124 Mich. 111.

We are also of the opinion that the lands in question were devoted to the purposes of a homestead under the several cases cited by counsel. *Reske* v. *Reske*, 51 Mich. 541; *Bunker* v. *Paquette*, 37 Mich. 79; *Mills* v. *Hobbs*, 76 Mich. 122; *Maatta* v. *Kippola*, 102 Mich. 116. The lot, therefore, is not subject to the lien, the contract not having been signed by Mrs. Mathewson.

Counsel for the complainant assert that, although the land be a homestead, and was so when the contract for building the dwelling was made, he is entitled to a lien upon the building under the statute (3 Comp. Laws, § 10712), and that it may be sold and removed from the premises under the decision in *Jossman* v. *Rice*, 121 Mich. 270. That case may appear to turn upon sub-

division 4 of section 9 of Act No. 179 of the Public Acts of 1891, therein quoted. We held that the land was a homestead, within our prior decisions, and that the wife's oral consent to the contract for the erection of a new building would not avail to support a *lien upon the land.* But we also held that, under the statute, Mrs. Rice had a title (i. e., a homestead interest in land, the legal title to which was in her husband and herself jointly) that was not affected by the contract made with her husband, the building being an original one, erected by the contractor, and that a lien attached to the building, and that the building might be sold and removed under the provisions of subdivision 4, section 9, hereinbefore cited. While that case did not mention sections 1, 3, Act No. 179, Pub. Acts 1891, which have been since continued and are now in force as 3 Comp. Laws, §§ 10710 and 10712, those sections provided for a lien upon new buildings. Section 9 would not alone cover this case, because here the person contracting for the house had no legal title, though he had a homestead, but section 10712, which was then in existence, would, together with subdivision 4 of section 9, have justified the same holding had there been an absence of legal title. Under the circumstances of that case, there was no occasion to mention section 3, i. e., section 10712. But now we have such a case, and this case must follow *Jossman* v. *Rice,* unless certain changes in subdivision 4, section 9, warrant a different conclusion. Section 9 is principally devoted to the question of priority of liens, and that was true under the law of 1893, by which the *Jossman Case* was ruled. It refers to liens provided for by earlier sections. While these provided for liens upon buildings, it may be said that none of them have been expressly held to give a lien for the erection of a new building precedence over a homestead right in the same. We have, however, been cited to no case that holds to the contrary. We must therefore hold that the early sections give the right of a lien upon buildings, or that it was first given by the provisions of

subdivision 4, section 9, which provides that such liens (i. e., as are provided in the prior sections) shall attach to the building to which they are furnished or done in preference to any other prior title, etc., to or upon the land, *and if furnished in the erection of an original building, commenced since the attaching or execution of such prior title,* the building may be sold separately, etc., providing for a procedure. When we consider that section 9 appears to have had for its primary object the declaring priorities, rather than declaring what liens shall attach, and that sections 1 and 3 clearly provide for liens upon buildings, and that section 9 can confer no greater rights against the provisions of the Constitution than sections 1 and 3, we must conclude that the spirit of that decision was that a homestead claim could not be acquired in an original building against a right of lien upon such building; though the contractor has been induced to place it upon land devoted to a homestead. There is justice in such a holding where the building can be moved from the premises. If this is so, the changes which have been made in subdivision 4, section 9, are unimportant. They consist in the insertion of the word "recorded" before the word "title" in section 10718, and the omission of the provisions relating to the procedure. The several sections may be compared by consulting Act No. 199, Pub. Acts 1893, and 3 Comp. Laws, § 10718.

Being of the opinion that the result in the *Jossman Case* could have been as consistently reached under sections 1 and 3 (if, indeed, they were not taken into consideration), as under section 9, and that the Constitution is no greater impediment in the one case than the other, the order will be affirmed, with costs, and the cause remanded for further proceedings.

CARPENTER, C. J., and MCALVAY, GRANT, and MOORE, JJ., concurred.