BAUER *v* LONG.

1. Mechanics' Liens—Property Subject — Estates by Entireties.

A mechanics' lien cannot be created against land held by husband and wife as tenants by the entireties by services performed pursuant to a contract in which the wife does not join. (Sections 10710, 10711, 3 Comp. Laws.)

2. Same—Lien on Building Separate from Land.

Section 10712, 3 Comp Laws, providing for a lien on a building erected upon lands of which the contracting owner has not title, does not apply to a building erected upon land owned by the owner and his wife as tenants by the entirety.

3. Same—Husband's Interest

A husband owning land with his wife in entirety has no interest therein, or right of possession during his lifetime, to which a lien can attach under any contract not signed by the wife.

Appeal from Jackson; Parkinson, J.   Submitted January 10, 1907.   (Docket No. 7.)   Decided March 5, 1907.

Bill by Christian M. Bauer against William S. Long, Ella Long, and the Laboring Men's Building & Loan Association to establish and foreclose a mechanic's lien. From an order overruling a demurrer to the bill, defendants appeal.   Reversed, and bill dismissed.

This is a suit in equity to establish and foreclose a mechanic's lien.   The bill alleges that complainant made a contract with defendant William S. Long to erect a dwelling house upon the land owned by the defendants William S. and Ella Long, who are husband and wife, as tenants by the entirety; that the contract price was $2,953, that the contract has been performed, and that $296.48 remains unpaid.   The bill also sets forth that he had taken the proceedings required by the statute to establish the lien. The bill prays for a lien upon the premises for the amount due under the contract.   To this bill the defendants demurred, because (1) the bill shows that the title to the land was held by the defendants Long as tenants by the entirety; (2) that the defendant Ella did not join in the contract; and (3) that the property is a homestead, occupied and used as such.   The court overruled the demurrer, and the case is before us on appeal.

*John F. Henigan*, for complainant.

*George H. Curtis*, for defendants.

GRANT, J. (*after stating the facts*).   The main question presented is, Does the statute provide for a mechanic's lien upon land owned by the husband and wife as tenants by the entirety under a contract signed only by the husband ?   Section 10710, 3 Comp. Laws, being section 1 of the mechanic's lien law, provides for mechanics' liens.   It contemplates a lien where the land is owned by the party for whom the work is done or the materials are

furnished.   Section 10711, 3 Comp. Laws, being section
2 of the mechanic's lien law, provides for such a lien upon
land owned jointly by husband and wife, provided both
sign the contract.   Mechanics' liens are pure creatures of
the statute.   Courts cannot extend them to cover cases
not included in the statute.   The bill shows that com-
plainant knew how the title was held; that the building
was to be so constructed that it became a part of the
realty, and could not be removed after its erection, with-
out injury to the freehold, and that he has so constructed
it.   His bill is framed upon that theory, for it does not
pray for a lien upon the building separate and apart
from the land on which it is situated.   This court has
repeatedly held that one tenant by the entirety has no in-
terest separable from that of the other.   He has nothing
to convey or mortgage or to which he can attach a lien.
*Michigan Beef & Provision Co.* v. *Coll*, 116 Mich.
261, and authorities there cited.

In view of this condition of the law, and to protect the
rights of each, the legislature enacted that this lien might
attach if the lienor secured the written contract of the
husband and wife.   To hold that either might contract
for a lien without the assent of the other would be clear
judicial legislation.   The complainant seems to concede
that he has no lien upon the land, but claims the right to
a lien upon the dwelling house, and to sell and remove it
under his lien proceeding.   This case does not fall within
section 10712, 3 Comp. Laws, providing for a lien upon
the building if the building is upon lands "to which the
person contracting for such erection has no legal title," or
within the decision of *Holliday* v. *Mathewson*, 146 Mich.
336.   In that case the house was erected upon land to
which the defendants at the time of its erection held no
title.   It is conceded that this question is before the court
for the first time.   We are cited to no authorities in point.
My examination has resulted in finding one case, which
holds that the lien attaches to the life estate of the hus-

147 MICH.—23.

band. *Washburn* v. *Burns*, 34 N. J. Law, 18. The court there held that the husband during his life was entitled to the possession and use of the lands, and that he could attach a lien to his life interest, but no other. That case is inconsistent with the holdings of this court.

The decree must be reversed, and the bill dismissed, with the costs of both courts.

MCALVAY, C. J., and BLAIR, MONTGOMERY, and OSTRANDER, JJ., concurred.