FROLICH *v.* BLACKSTOCK.[1]

MECHANICS' LIENS—PROPERTY EXEMPT—ESTATES BY ENTIRETIES.
A mechanics' lien cannot be created against land, or the building erected thereon, held by husband and wife by executory contract, as tenants by the entireties, for materials furnished under a building contract made by defendant in which the wife did not join.

Appeal from Wayne; Donovan, J. Submitted January 12, 1909. (Docket No. 71.) Decided March 3, 1909.

Bill by Simon Frolich against William H. Blackstock and others to enforce a mechanics' lien. From a decree dismissing the bill, complainant appeals. Affirmed.

*Covert & Berry*, for complainant.

*Choate & Webster*, for defendants Blackstock.

OSTRANDER, J. The bill is filed to enforce a mechanic's lien upon premises in the city of Detroit. A lien is claimed

---

[1] Rehearing denied July 15, 1909.

upon the land, but it is prayed that, if complainant is found not to be entitled to that, the lien may be enforced upon the dwelling separate and apart from the land on which it is erected.    To the bill defendants Blackstock demurred. They also entered a plea and filed an answer.    There was a replication and demand that testimony be taken in open court.    There is no compliance with the rule of this court. which requires the date of the official filing of all pleadings, etc., to be stated in the record.    Supreme Court Rule 35 (136 Mich. xxxvii).    The printed record does not contain the decree, nor does it appear therefrom that a decree was ever entered.    The case appears to have been heard on bill, answer, and proofs, with the result that the bill was dismissed.    As we find in the briefs no reference to the pleadings, we conclude that no issue not made by the bill and answer is considered to be of importance. The case may be determined upon undisputed facts.    The written contract for the erection of the building—a dwelling house—was made with William H. Blackstock.    He has paid the contract price.    No one except complainant filed a lien.    When the contract for the building was dated, which was May 23, 1906, the premises—land—were held by William H. and Ellen Blackstock, husband and wife, under an executory contract which so described them.    Later, in June, 1906, the vendor made his warranty deed of the premises in which Blackstock and his wife are grantees of the land.    Under these circumstances, no lien attached to either the land or the building.    *McMillan* v. *Schneider*, 147 Mich. 263; *Bauer* v. *Long*, 147 Mich. 351.    See, also, *Scott* v. *Keeth*, 152 Mich. 547, 552.

The decree dismissing the bill is affirmed, with costs to defendants Blackstock.

BLAIR, C. J., and GRANT, MONTGOMERY, and MOORE, JJ., concurred.