FROHLICH *v.* KLEIN.[1]

1. CONTRACTS—BUILDING CONTRACT—ARCHITECT'S CERTIFICATE—
   FRAUDULENT ISSUANCE.
   Under a contract for the construction of a store building,
   which provided for the issuance of a final certificate by the
   architect who gave the contractor, on condition that he
   comply with certain requirements, a final certificate of com-
   pletion before the work was finished, the certificate was a
   fraud on the owner and was not conclusive of the proper
   performance of the contract.

2. SAME—ACCEPTANCE OF WORK.
   It was not an acceptance of the work for the owner to move
   into the building without in any way indicating his ac-
   ceptance of the same, when he was obliged by necessity to
   do so.[2]

3. MECHANICS' LIENS—DEFECTIVE MATERIALS — BREACH OF CON-
   TRACT.
   Failure of subcontractors and contractors under a building
   contract to furnish materials and labor according to specifi-
   cations precludes any right to a mechanics' lien, where the
   owner is entitled to a judgment for damages in excess of
   the balance due for the building arising out of such default.

4. SAME—CONTRACTS—EXCUSES FOR BREACH.
   Such failure is not excused on the ground that the owner pre-
   vented performance of the contract, where the contractor at
   no time offered a substantial compliance with the specifica-
   tions and the owner insisted on complete performance.

5. SAME—PARTIES ENTITLED.
   The lien law protects those who are entitled to protection, but
   it was not intended to protect materialmen and contractors
   in perpetrating wrongs against the owner of the property.

Appeal from Wayne; Donovan, J.   Submitted Decem-
ber 14, 1909.   (Docket No. 18.)   Decided March 5, 1910.

[1] Rehearing denied May 7, 1910.
[2] As to effect of use of building by owner as an acceptance of
work of construction or repair, see note to *Pope* v. *King* (Md.), 16
L. R. A. (N. S.) 489.

Bill by Simon Frohlich against William Klein and Fredericka Klein and Gustav A. Hansel and William Schmidt, copartners as Hansel & Schmidt, to enforce a mechanics' lien.    Defendants Klein filed an answer in the nature of a cross-bill claiming affirmative relief.    From a decree for complainant, defendants Klein appeal.    Reversed, and decree entered for appellants.

*Lucking, Emmons & Helfman*, for complainant.

*Harry L. Schellenberg*, for defendants Klein.

*M. M. Nesbitt* and *Henry C. L. Forler*, for defendants Hansel & Schmidt.

McALVAY, J.    This is a bill filed by complainant, who was a subcontractor, to foreclose a mechanics' lien for a balance of $118.33 claimed to be due him.    To this bill of complaint defendants Hansel & Schmidt, who were the principal contractors, filed their answer, admitting all of its allegations.    Defendants Klein and wife, the parties for whom the building in question was built, and who were the parties who entered into the original contract with Hansel & Schmidt, answered in the nature of a cross-bill, praying for affirmative relief against complainant and defendants Hansel & Schmidt.    They denied that complainant was entitled to relief, alleging that the factory work furnished by him was not according to plans and specifications in quality or condition, or workmanship. They set up the original contract with Hansel & Schmidt, showing that they had paid on the contract price $5,953, that the contract was not performed or material furnished according to its terms, specifying in what respects they had failed in performance, whereby they suffered great damages, for which a decree was asked.    To this cross-bill complainant and defendants Hansel & Schmidt answere   the latter claiming a balance of $256.30, due on their contract, which amount includes complainant's claim. The several issues joined in the case were heard before

the court, and a decree was granted complainant and Hansel & Schmidt for the amounts claimed by them less a deduction of $22 from the claim of the latter made on account of some small matter not performed.

The original contract and specifications for the erection of this building are of great length. The case does not require that they be set forth in full. The principal and material agreements will be considered. Hansel & Schmidt agreed in writing on March 21, 1906, to provide all the materials, and perform all the work necessary, to build a brick veneered store and flat building, and a frame barn, on the southwest corner of Mt. Elliott and Warren avenues, in the city of Detroit, according to drawings and specifications prepared by the architect, which were made a part of the contract; the whole work to be completed on or before July 1, 1906, for the sum of $6,145. The contract provided that the work was to be done under the direction of the architect, and "that his decision as to the true construction and meaning of the drawings and specifications shall be final." Also:

"It is further mutually agreed between the parties hereto that no certificate given or payment made under this contract except the final certificate or final payment shall be conclusive evidence of the performance of this contract, either wholly or in part, and that no payment shall be construed to be an acceptance of defective work or improper materials."

Complainant and the contractors both insist that the record shows that this contract was properly performed and that proper materials were used; and relied upon a final certificate furnished by the architect. The contract provided that payments should be made only on the certificates of the architect, and final payment to be made within 30 days after the completion of the work. A certificate final in form was furnished by the architect, but this was done before the work was completed. The record shows that at that time the architect had knowledge that the specification that "all joists supporting partitions

above, running the same direction to be doubled and well spiked together if no partition below," had not been complied with. He testifies that this had been overlooked. He also testifies that he gave this certificate to the contractors conditionally. He had their promise that certain things would be done. The partition was set upon a joist which was not doubled as required and which caused a settling, to the great damage of this building. It does not appear that to remedy this defect was one of the conditions the contractors were to fulfill, but in a memorandum made by him there were 15 items which he claims were satisfactorily fixed afterwards. Whether they were or not can have no bearing upon his want of authority to issue a final certificate before the work was completed or upon conditions. The record shows without dispute that Mrs. Klein repeatedly telephoned for the architect, and he never came. He said it was very disagreeable to go up there, and he stayed away. As we understand the record, it was because Mrs. Klein was not at all satisfied with the work and was very insistent, and perhaps troublesome. Mr. Klein is a common laborer. His wife without doubt was the master mind in the family, and attended to business affairs. The building was for a store downstairs and their residence upstairs. During its construction the family lived just opposite in a rented house. Mrs. Klein evidently was looking after their interests, and her activity in that regard appears to have been continuous. This final certificate is not conclusive upon Klein and his wife. It amounted in law to a fraud upon them. Other provisions of the contract which have a bearing upon the case are:

"The contractor must cover and protect his work and materials from all damage during the progress of the building and deliver the whole complete and in perfect condition.

"The contractor is at his own expense to repair and make good any defects, settlements, shrinkages, or other faults in his work (arising from his having used improper

or defective material or workmanship) which may appear within twelve months after the completion of the building.

"All cellar (outside) walls below ground are to be plastered with Portland Cement one-half inch thick mixed with clean sand in proportion 1 to 2."

It also provided that "all finishing material in first and second story to be clear Georgia pine free from defects, etc., kiln dried and rekiln dried before being used." The contentions of complainants that the record clearly shows that the decree of the trial court was a proper determination of the case have been examined and considered, and we do not agree with them.

It would be of no profit to the profession to rehearse the evidence in the case, which shows the character of the building erected by the contractors and the quality of the materials and workmanship employed. The great weight of the evidence sustains the contention of defendants Klein and wife that the contractors did not comply with the requirements of the contract in many respects both as to materials and workmanship furnished. The cellar wall was not properly cemented on the outside. The cement floor in basement is cracked and broken. The ceiling of the store in material and work is bad. The doors and windows are shrunken and badly fitted. The store front leaks. The roof leaks at the flag staff. The plumbing in kitchen and second-story bathroom is defective. The outside painting is practically worthless. The lumber used in the interior finish is shown not to have been kiln dried as required by the contract. There were not the required hook strips in the closets, and the floor carrying a partition has settled. These are the most material defects, and sufficient to indicate the condition of the building.

It is urged that by moving into the building the Kleins accepted the work. This moving was a matter of necessity, and at no time was there any acceptance. They had a right to rely upon the terms of the contract, and also to expect fair dealing on the part of the architect. It is also

urged that Mrs. Klein prevented the contractors from finishing the work. It appears that once a daughter had died, and another time Mr. Klein was said to be sick, and the last time was when the contractor served notice of lien and was put out. Other times are claimed, but not specified, and it appears that at no time did they offer or intend to do more than some trifling things the architect had suggested at the time they secured the last certificate.

The Kleins had paid about $6,000 in cash for which they were entitled to receive the building Hansel & Schmidt agreed to furnish. The materials furnished by complainant under his written agreement were not of the kind required by the plans and specifications, in reference to which he contracted, and he is not entitled to a mechanics' lien on this building nor are the contractors, and it is the fault of both that they cannot succeed in these proceedings. The lien law protects those who are entitled to protection, but it was not intended to protect materialmen and contractors in perpetrating wrongs against the owner of the property.

The decree of the circuit court is reversed and set aside, and a decree will be entered in this court in favor of the defendants William Klein and Fredericka Klein and against Hansel & Schmidt upon their cross-bill for the sum of $530.34, being their damages found in the premises over and above the balance of the contract price of said building, together with their full costs of both courts, and that they also do recover against complainant Simon Frohlich solicitor's fees of both courts, all costs to be taxed.

MONTGOMERY, C. J., and OSTRANDER, HOOKER, and MOORE, JJ., concurred.