RESTRICK LUMBER CO. v. WYREMBOLSKI.

1. Mortgages — Vendor and Purchaser — Declaring Instrument to be a Mortgage.

A deed of real property to secure a loan made by the grantee, accompanied by the execution of a land contract back to the grantor, amounts to a mortgage, and does not divest the grantor of the legal title to the premises.

2. Mechanic's Lien—Estate by Entireties—Statutes.

A mechanic's lien attaches to land owned by husband and wife jointly only in case the wife signs a written contract as required by 3 Comp. Laws, § 10711.

3. Same.

And where the owners gave a deed to secure a loan, with a land contract back, a lien does not attach, under 3 Comp. Laws, § 10712, providing for such lien, in case the person contracting for materials has no legal title.

Appeal from Wayne; Murfin, J. Submitted October 17, 1910. (Docket No. 76.) Decided December 22, 1910. Rehearing denied April 1, 1910.

Bill by the Restrick Lumber Company against Frank Wyrembolski, Joseph P. Kaiser, and Frank Schmidt, to

enforce a mechanic's lien. From a decree for defendants, complainant appeals. Affirmed.

*Wilkinson & Younglove*, for appellant.

*May & Dingeman*, for appellees.

HOOKER, J. On April 14, 1907, Frank Wyrembolski contracted with complainant for material for a house to be erected on lots 48 and 49, Gamble's subdivision, which he represented that he owned. His wife did not join, the contract not being in writing, we understand. He had no title or right to said premises of any kind, so far as we are advised, but on April 15th Gamble and wife conveyed lot 49 to Wyrembolski and wife, and on April 29th Gamble and wife conveyed lot 48 to them. They then held by entireties. Delivery of lumber began about April 15th to 18th, the exact time being in dispute. On May 2, 1907, the premises were deeded to Kaiser and Schmidt by Wyrembolski and wife to secure a loan, and they gave back a land contract, with a balance unpaid of $2,375. We understand that these instruments amounted to a mortgage only, under the decision in the case of *Flynn* v. *Holmes*, 145 Mich. 606 (108 N. W. 685, 11 L. R. A. [N. S.] 209), and did not divest the defendants Wyrembolski of a legal estate in the land. The delivery of the lumber was completed on November 30, 1907. This bill was filed to enforce a lien upon the new house.

The cases of *Jossman* v. *Rice*, 121 Mich. 270 (80 N. W. 25, 80 Am. St. Rep. 493), and *Holliday* v. *Mathewson*, 146 Mich. 336 (109 N. W. 669), are the only cases which can be said to sustain the right contended for by complainant. *Jossman* v. *Rice* was a case where land was held by the entireties. *Holliday* v. *Mathewson* was a case where it was held on an oral contract of sale to the husband. In both cases the lien upon the new house was sustained against the rights of homestead, and in both it was denied as to the land. There was also this difference between the cases: One was under the lien law of 1891;

the other the law of 1897—the only difference being in sections 2 and 9.

Section 3 (3 Comp. Laws, § 10712) provides:

"Any person furnishing services or materials for the erection of a new building or structure upon land to which the person contracting for such erection has no legal title, shall have a lien therefor upon such (building) buildings or structure; and the forfeiture or surrender of any title or claim of title held by such contracting person to such land shall not defeat the lien upon such building or structure of such person furnishing services or materials as aforesaid. In case the property covered by the lien is held by the vendee in a land contract, and he surrenders or forfeits his rights thereunder, the person or persons holding such liens may be subrogated to the rights of such vendee, as his rights existed immediately before such surrender or forfeiture, by performing the covenants contained in such contract within thirty days after such forfeiture or surrender is made."

In the later case of *Bauer* v. *Long*, 147 Mich. 351 (110 N. W. 1059, 118 Am. St. Rep. 552), where land was held by entireties, it was held that a lien could not attach, and the application of that section limited to cases of land "to which the defendants had no legal title" as was the case in *Holliday* v. *Mathewson*. This case—*i. e.*, *Bauer* v. *Long*—has since been followed in *Frolich* v. *Blackstock*, 155 Mich. 604 (119 N. W. 906). We cite and discuss these cases to avoid any misunderstanding or confusion later.

These last cases control the present case unless it may be said that it should come within section 2 by reason of the deed to Kaiser and Schmidt, and the contract to the Wyrembolskis, and that we should hold that the latter had no legal title. Were we to say this, it would be inconsistent with the rule laid down in *Flynn* v. *Holmes*, *supra*.

The decree is affirmed, with costs.

MOORE, MCALVAY, BROOKE, and BLAIR, JJ., concurred.