BURMAN *v.* EWALD.

1. MECHANIC'S LIENS—ESTATE BY ENTIRETY—HUSBAND AND WIFE —WRITTEN AGREEMENT.

> Complainants agreed to construct a building on real estate owned jointly by defendant husband and his wife. The husband informed complainants that all business was turned over to his wife, that he did not bother about building and he left business matters to the wife, who would settle with them. The wife executed the contract and signed for her husband, who was absent. A decree awarding to complainant contractor a lien on the premises is reversed, under 3 Comp. Laws 1915, § 14797, on the ground that, construing the statute strictly, the contract must be signed by both parties.

2. SAME—CONSTRUCTION.

> The statute providing for a mechanic's lien is to be strictly construed to the point where the lien attaches—after that time it may be given a liberal construction.

Appeal from Wayne; Gilday, J., presiding. Submitted April 4, 1916. (Docket No. 15.) Decided July 21, 1916.

Bill by Joseph J. Burman and another, copartners as Burman Brothers, against Frank Ewald, Mathilda Ewald and the Detroit Savings Bank to enforce a mechanic's lien. From a decree for complainants, defendants Ewald appeal. Reversed, and bill dismissed.

*Robert M. Drysdale,* for complainants.

*Covert & Campbell,* for defendants Ewald.

BROOKE, J. The bill in this case was filed for the purpose of foreclosing a mechanic's lien. On April 19, 1913, complainants entered into a contract with

the defendants Frank and Mathilda Ewald, for the erection of a building to cost $4,450. It was the claim of Peter Burman, one of the complainants, that he submitted plans and specifications to the defendants which were finally made satisfactory. He testified that he had no dealing with the defendant Frank Ewald, as said Ewald had told him that:

"All business is left to Mrs. Ewald. I don't bother myself about the building at all. Whatever business matters you got, I leave that to her; she will settle with you."

Burman further testified that he prepared a written contract and delivered the same to Mrs. Ewald in the presence of her daughter; that he returned three or four days later, and Mrs. Ewald said the contract was all right, and that they were willing to sign the same. The contract was thereupon executed by Mrs. Ewald. When complainant Burman demanded the signature of defendant Frank Ewald to the contract, he was told by Mrs. Ewald that her husband was sleeping, and that she would sign it for him, which she did. Complainants thereafter erected the building, and received upon the contract price the sum of $3,865. The circuit court established complainants' lien in the sum of $731.24, and ordered the property sold to satisfy the same. The decree further provided that complainants should make certain specified repairs to the building within 30 days from the date of the decree. From this decree, defendants Frank Ewald and Mathilda Ewald appeal. It is their claim that no lien attached in this case, for the reason that the contract was not signed by both of them.

It appears that the title to the lot upon which the building was erected rested in defendants Frank and Mathilda Ewald as tenants by the entirety. It was the contention of the complainants, and with this conten-

tion the learned circuit judge agreed, that defendant Frank Ewald, by his conduct after the contract was made, had, in effect, adopted it as his own, and was therefore bound by it. It is not claimed by complainants that defendant Frank Ewald ever in fact executed the contract, but they were able to show that he knew of its execution within 7 or 8 days thereafter, and that later he joined with his wife in a mortgage upon the property for the purpose of raising money to pay for the building to be erected. It was further shown that he told the contractors that his wife was looking after the business, and that they should deal with her. These facts were held by the learned circuit judge to be sufficient to bind Frank Ewald the same as if he had in fact signed the contract. The applicable statute (section 10711, 3 Comp. Laws, as amended by Act No. 143, Pub. Acts 1897) (section 14797, 3 Comp. Laws 1915) provides:

"In case the title to such lands upon which improvements are made is held by husband and wife jointly, * * * the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

This court has many times held that the statute providing for a mechanic's lien, being in derogation of the common law, must be strictly construed to the point when the lien attaches; that thereafter, because of its remedial character, a liberal construction may be indulged. *Lacy* v. *Heat Co.,* 157 Mich. 544 (122 N. W. 112, 133 Am. St. Rep. 360) ; *Frohlich* v. *Klein,* 160 Mich. 142 (125 N. W. 14) ; *Godfrey Lumber Co.* v. *Kline,* 167 Mich. 629 (133 N. W. 528).

It is apparent that the statutory requirement for the signatures of both husband and wife to the contract, where the property is held by the entirety, must be satisfied before the lien can attach, and that up to this

point a strict compliance with the statute is required under all the authorities. *McMillan* v. *Schneider*, 147 Mich. 258 (110 N. W. 961) ; *Bauer* v. *Long*, 147 Mich. 351 (110 N. W. 1059, 118 Am. St. Rep. 552, 11 Am. & Eng. Ann. Cas. 86) ; *Frohlich* v. *Blackstock*, 155 Mich. 604 (119 N. W. 906) ; *Restrick Lumber Co.* v. *Wyrembolski*, 164 Mich. 71 (128 N. W. 1083) ; *Sheldon, Kamm & Co.* v. *Bremer*, 166 Mich. 578 (132 N. W. 117).

The decree of the circuit court below establishing the lien will be reversed, and a decree entered in this court, dismissing complainants' bill of complaint, with costs of both courts.

STONE, C. J., and KUHN, OSTRANDER, BIRD, MOORE, STEERE, and PERSON, JJ., concurred.