## WHEN MECHANICS' LIENS BEGIN TO RUN.

Common Pleas Court of Hamilton County.

PHINEAS S. PHILLIPS V. BRAHAM & COMPANY ET AL.

Decided, November 20, 1916.

*Mechanics' Liens—Time Within Which Statement Must be Furnished to Owner—Affidavit for Lien Must be Filed Within Sixty Days—When the Sixty Days Begins to Run.*

1. The sworn statement required by the provisions of Section 8312, General Code (103 Ohio Laws, 371), to be served on the owner in order to perfect a mechanic's lien upon the owner's premises, is not required to be served prior to the time of filing the affidavit for lien in the office of the county recorder, but may be served at any time before the time to file the lien expires, the lien not becoming effective until the statement is served.

2. In order to perfect a mechanic's lien under the provisions of the mechanics' lien law (103 Ohio Laws, 371), the affidavit for lien must be filed in the office of the county recorder within sixty days after the completion of the work for which the lien is attempted to be taken.

3. Where a material-man furnishes material for the construction of a building during the summer of one year and in the next year an

additional order is given for the same kind of material `for the purpose of patching up certain damages to the building occasioned by the elements during the course of the winter, the time for filing the lien can not be held to begin to run at the time the latter portion of material was furnished, but must be held to have begun to run from the time the main portion of the material was furnished, and hence an affidavit for lien filed within sixty days of the time when the material for repairs was furnished will not be effective to create a lien upon the premises for the entire amount of material furnished.

*Herrlinger & Dixon*, for the building association.
*George E. Mills*, for Henry Portmann.
*Miller & Foster* and *Henry K. Gibson*, for William Kramer.
*James M. Stone*, for Frank Seilkop.
*John W. Sadlier*, for H. W. Johns-Manville Co.

GEOGHEGAN, J.

Heard on the question of priorities as between persons claiming mechanic's liens and the Exposition Building & Loan Company, mortgagee.

1.  Henry Portmann, a sub-contractor, claims a mechanic's lien on each of the lots in question, one for $70 and the other for $110.

The question for determination is, whether or not the said Portmann perfected his lien in accordance with the provisions of the mechanic's lien law (103 O. L., 371), and particularly Section 3 thereof, now known as Section 8312, General Code.

Portmann filed his lien on November 2, 1914, in the office of the county recorder of this county, about at 3:55 P. M. This was the last day upon which he could file it in order to secure the protection of the said mechanic's lien law in so far as that part of the work for which he is claiming a lien of $70 is concerned, the work having been finished on September 3, 1914. As to the work for which a lien of $110 is claimed, that was completed on September 14, 1914, and the sixty-day limitation in the lien law would not have run against it until November 13, 1914. On November 2, 1914, at about 5:05 P. M., Portmann

served notice of his liens upon the owner, Braham, and also at the same hour and date delivered to Braham a sworn statement, in accordance with the provisions of the act.

The only question raised as to the validity of these liens is whether or not the sworn statement, which is claimed to be required by the provisions of Section 8312, General Code, should be served on the owner prior to the time of filing the lien in the office of the recorder.

It is conceded by counsel that inasmuch as the now existing Ohio mechanic's lien law is substantially the same as the Michigan statute on the same subject, the decisions of the courts of the state of Michigan, construing the Michigan act and its operation, should largely control the court in the construction of the Ohio statute and its operation, under the familiar principle that when the statute of another state has been adopted into our legislation, the known and settled construction of such a statute by the courts of that state should be considered as silently incorporated into the local act (*Favorite* v. *Boohers,* 17 Ohio St., 548; *Brice* v. *Myers,* 5 Ohio, 121). And it is only when a different policy is required or the reasoning of the courts seem to be unsound, that the construction of the statutes of the other states by their own courts will be disregarded here.

If this principle be true, then this question has been squarely decided by the Supreme Court of Michigan in the case of *Holliday* v. *Mathewson,* 146 Mich., 336, wherein it is held as follows (first proposition of the syllabus):

"Delay in serving upon the owner the statement required by Section 10713, 3 Comp. Laws, until after the claim of lien required by section 10714 has been filed in the office of the register of deeds, is not fatal to a mechanic's lien, where the statement is served before the time to file a lien expires, the lien not becoming effective until the statement is served."

The court held that there is nothing inconsistent with this holding in the various Michigan cases cited to the court, which were also cited to this court in the present instance.

The mere fact that the office of the recorder closes at four o'clock in this county, is not sufficient of itself to raise a different construction of the statute.   It is a matter of common knowledge that regulations as to the closing of the recorder's office differ in the various counties of the state; and the county recorder, in the present instance, in order to accomodate Portmann's attorney, might have kept his office open until midnight and the filing of the affidavit would have been in time.   Therefore, as the time in which the lien could have been perfected was until midnight of November 2, 1914, the decision in *Holiday* v. *Mathewson, supra,* may be regarded by this court as controlling, and the lien will be sustained.

The statement was made that our own court of appeals has in effect held that it is not necessary for a sub-contractor to file the kind of statement that has been discussed herein.

It is not necessary for me, in view of the conclusion I have come to, to pass upon the matter, and I expressly disavow any intention to do so.

2.   As to the claim of Frank Seilkop, for a lien for sodding and grading, it appears that the work was completed on June 27, 1915, and the affidavit for lien was filed in the recorder's office on October 19, 1915.   As more than sixty days had elapsed between the time of the completion of the work and the time of the filing of the affidavit for the lien, the said Seilkop can not have any priority over the lien of the mortgage of the building association.

3.   As to the claim of William Kramer, it appears that all of the work he was required to do was completed in August, 1914, and that he did not file his affidavit for lien until the 7th day of May, 1915.   As more than sixty days had elapsed, the same ruling must be made concerning his claim as was made in the claim of Seilkop.

4.   As to the claim of the lien of the H. W. Johns-Manville Company, it appears that during the late summer and fall of 1914, the said company furnished material for the white stucco that was used for the exterior of the buildings; that all of this

was furnished in 1914, except that in February, 1915, a small portion of white asbestos stucco was furnished. It appears, however, that this last delivery was made upon an order just preceding the time of its delivery and that at that time the houses had been completed, one of them was occupied, and the purpose of furnishing this small portion was simply to make some repairs where the elements had damaged the property during the course of the winter. The lien of the company was filed on April 2, 1915. This lien can only be held valid in case one would be able to tack on the small portion of white stucco to the great amount that was furnished in 1914 and assume that it was all furnished for the erection and construction of the buildings. Such a construction would be entirely contrary to the spirit of the mechanic's lien law, and the court now expressly finds that the stucco furnished in the construction of the buildings, as distinguished from repairs, was furnished more than sixty days prior to the filing of the lien, and therefore the lien can not be held to be valid.

Therefore, the finding of the court is, that the lien of Portmann is prior to the lien of the building association, but that the attempted liens of Seilkop, Kramer and the Johns-Manville Company are not.