### F. M. SIBLEY LUMBER CO. *v.* LETTERMAN.

1. MECHANICS' LIENS—STATUTE TO BE STRICTLY CONSTRUED.

   The mechanics' lien law (3 Comp. Laws 1915, § 14796 *et seq.*), being in derogation of the common law, is to be strictly construed in passing upon the attachment of a lien.[1]

2. SAME—NO LIEN ATTACHES TO PREMISES OWNED BY HUSBAND AND WIFE JOINTLY UNDER CONSTRUCTION CONTRACT UNLESS SIGNED BY BOTH.

   Under the provisions of the mechanics' lien law (3 Comp. Laws 1915, § 14797), where a contract for the remodeling of a house on land held by husband and wife as joint purchasers on a land contract was signed by the husband only, no lien for materials furnished under said contract attached to said premises; the statute requiring the signatures of both.[2]

Appeal from Wayne; Shepherd (Frank), J., presiding.    Submitted June 2, 1925.    (Docket No. 8.) Decided March 20, 1926.

---

[1]Mechanics' Liens, 27 Cyc. p. 20; [2]Id., 27 Cyc. p. 54.

Bill by the F. M. Sibley Lumber Company against Flora Letterman, Harry G. Bevington, and others to foreclose a mechanic's lien.   From a decree dismissing the bill, plaintiff appeals.   Affirmed.

*Routier, Nichols & Fildew* (*George E. Nichols,* of counsel), for plaintiff.

*Wilkinson, Lowther, Wilkinson & O'Connell,* for defendants Bevington.

STEERE, J.   Plaintiff is a corporation engaged in the lumber business in the city of Detroit and vicinity. It filed this bill to foreclose a lien upon a house and 40-foot lot known as 37 Van Dyke place, located in a subdivision of the Van Dyke farm near Detroit.   The fee title to the property was held by one or both of defendants George and Flora Letterman, but defendants Harry G. Bevington and his wife, Charlotte M. Bevington, held the property as joint purchasers under a land contract and are the active defendants in this proceeding.   They desired to remodel the house on these premises and Mrs. Bevington had, amongst others, a building contractor named Flinn look over the building with her and pointed out to him the work desired done, requesting him to submit figures to herself and husband, which he did, and a contract was made with him to do the work.   A written contract was drawn up providing at length the details of the remodeling, involving in various particulars reconstruction and additions.   The contract price for this undertaking was $5,800, including work and material. Who prepared the instrument is in dispute.   It is typewritten and signed by J. L. Flinn and Harry G. Bevington.   The introductory paragraph recites that it is made between J. L. Flinn of Detroit, party of the first part, and "Dr. H. G. Bevington and Charlotte M. Bevington of the same place, party of the second

234—Mich.—3.

part." Mrs. Bevington is not otherwise mentioned in the instrument and did not sign it. The contractee is thereafter referred to as "party of the second part." It is undated, but the testimony indicates it was executed before work was begun, some time between May 15th and June 22, 1920.

Flinn timely entered upon performance of his contract and procured his material for the woodwork from plaintiff. Its first delivery was on June 22, 1920, and the last on October 2, 1920. Mrs. Bevington made no payments on this contract and is not shown to have any independent estate. As the work progressed Flinn from time to time obtained payments on his contract from Dr. Bevington, aggregating $4,850, claiming he needed the money to buy material and go on with the work, but in that connection furnished him no sworn statements under the statute. He finally failed to complete his contract and defaulted in payments for material. Plaintiff timely filed a lien on the premises for a balance due for material furnished, amounting to $2,966.48.

It was shown that the property in question was being remodeled as their home by Dr. Bevington and his wife, and was held by them as vendees under an executory contract of purchase as joint tenants by entireties. The issue raised by defendants' counsel was not directed against the regularity of the lien proceedings as such, but to whether any lien could attach when the written contract pursuant to which the improvements were made was not signed by the wife. At conclusion of the proofs the court dismissed plaintiff's bill under the following provision of the lien law (3 Comp. Laws 1915, § 14797):

"SECTION 2. In case the title to such lands upon which improvements are made is held by husband and wife jointly, or in case the lands upon which such improvements are made are held and occupied as a homestead, the lien given by this act shall attach to

such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

No mention is made in plaintiff's brief of the various decisions of this court in which that question is discussed, but it is chiefly devoted to Mrs. Bevington's active participation in what was being said and done in connection with this contract, and the equity of plaintiff's claim.  The husband and wife were remodeling and modernizing their home.  Her interest and active participation, proprietary claims and dictation as to what should be done, and how, may be conceded. To these the doctor seems to have discreetly deferred, but he signed the contract and paid the bills, to the extent they were paid.  She paid nothing and did not sign the contract.  Those matters and the equities in the case, which both sides claim, are foreign to the controlling question of attachment of the lien.

It has been often and consistently held that this statutory provision for a lien is in derogation of the common law and to be strictly construed in passing upon the attachment of a lien.  That rule is reiterated in *Burman* v. *Ewald,* 192 Mich. 293, cited by the trial court in dismissing plaintiff's bill.  The court there said:

"It is apparent that the statutory requirement for the signatures of both husband and wife to the contract, where the property is held by the entirety, must be satisfied before the lien can attach, and that up to this point a strict compliance with the statute is required under all the authorities;" citing *McMillan* v. *Schneider,* 147 Mich. 258; *Bauer* v. *Long,* 147 Mich. 351 (11 Ann. Cas. 86, 118 Am. St. Rep. 552) ; *Frolich* v. *Blackstock,* 155 Mich. 604; *Restrick Lumber Co.* v. *Wyrembolski,* 164 Mich. 71; *Sheldon, Kamm & Co.* v. *Bremer,* 166 Mich. 578.

Analogous here on the state of the title it was held in the *Frolich Case* (quoting from the syllabus) :

"A mechanic's lien cannot be created against land, or the building erected thereon, held by husband and wife by executory contract, as tenants by the entireties, for materials furnished under a building contract made by defendant in which the wife did not join."

The decree is affirmed, with costs to defendants.

BIRD, C. J., and SHARPE, FELLOWS, CLARK, and McDONALD, JJ., concurred.    WIEST, J., did not sit.

Justice MOORE took no part in this decision.