TITLE & BOND GUARANTY CO. *v.* POINTER.

1. MECHANICS' LIENS—CONTRACT BY HUSBAND ALONE—ESTATES BY ENTIRETIES.

A mechanic's lien will not attach to real estate held by husband and wife as tenants by the entireties under a contract signed by the husband alone for the purchase of a furnace to be installed in a house on the premises.

2. MORTGAGES — FORECLOSURE — CONDITIONAL SALES CONTRACT — RIGHT OF SELLER SUPERIOR TO MORTGAGEE.

In a suit to foreclose a mortgage on land held by husband and wife as tenants by the entireties, the title of a stove company to a furnace sold to the husband on a title retaining contract and installed in a house on the mortgaged premises is *held*, superior to that of the mortgagee, with the right to enter upon the premises and remove the heating apparatus or take such further proceedings as it may be entitled to take under its contract.

Appeal from Muskegon; Vanderwerp (John), J. Submitted April 25, 1928. (Docket No. 124, Calendar No. 33,696.) Decided July 24, 1928.

Bill by the Title & Bond Guaranty Company against Norman E. Pointer and others to foreclose a mortgage. Defendant Kalamazoo Stove Company filed a cross-bill to enforce a lien for the installation of a furnace. From the decree rendered, plaintiff appeals. Reversed.

*Alexander Sutherland,* for plaintiff.

*Harold H. Smedley,* for defendants.

POTTER, J. Default having been made in the conditions of a real estate mortgage executed by Norman

On right of seller of chattel, retaining title thereto or a lien thereon, as against existing mortgagees of the realty to which it is affixed by the owner, see annotation in 37 L. R. A. (N. S.) 119.

E. Pointer and Josephine Pointer, dated September 1, 1925, and duly recorded, covering a parcel of land in the city of Muskegon, foreclosure in chancery was begun. The Kalamazoo Stove Company had sold on written contract, signed by Norman Pointer, a heating plant later installed in the dwelling house in process of erection, on the mortgaged premises. The contract of sale retained title to the heating apparatus until paid for. If the payments on the contract of sale were not made as agreed, the stove company reserved the right to remove the heating apparatus from the place where installed or kept by the purchaser and recover compensation for injury to and use of it. Upon the installation of the heating plant in the dwelling house, plaintiff claims it became real estate, subject to the mortgage; and the title to the real estate, being held by defendants Pointer as tenants by the entireties, and the contract of purchase having been signed by the husband alone, a mechanic's lien will not attach to the real estate, and if it does, the lien of the stove company is subject to that of the real estate mortgage. The trial court held the plaintiff should pay the claim of the stove company and include the amount thereof in its lien. Plaintiff appeals.

A mechanic's lien cannot attach to the whole real estate under the contract by which the heating plant was sold to defendant Pointer, the real estate being held by him and his wife as tenants by the entireties. *Holland Furnace Co.* v. *Bodell*, 215 Mich. 7; *F. M. Sibley Lumber Co.* v. *Letterman*, 234 Mich. 32.

The stove company's title is superior to the claim of the mortgagee and it may enter upon the premises and remove the heating apparatus and take such further proceedings against the purchaser thereof as it may be entitled to take under the contract. *Warner Elevator Manfg. Co.* v. *Building & Loan Ass'n*, 127 Mich. 323 (89 Am. St. Rep. 473); *Perkins* v. *The*

*Golden Girl,* 185 Mich. 200; *The Phillips-Michigan Co.*
v. *Field Body Corp.,* 221 Mich. 17.

The decree is reversed and one will be entered in
accordance with this opinion, with costs to appellant.

FEAD, C. J., and NORTH, FELLOWS, WIEST, CLARK,
MCDONALD, and SHARPE, JJ., concurred.