CLAWSON LUMBER CO. *v.* GRAY.

1. Mechanics' Liens—Estates by Entireties—Contract Signed by Husband Only—Effect of Forfeiture of Land Contract.
    Where contract for materials to be used in constructing house on lot purchased on contract by husband and wife jointly was signed by husband only, no valid lien attached under mechanics' lien law, and, there being no lien, enforcement thereof is not affected by fact that contract interest has since been terminated by foreclosure (3 Comp. Laws 1929, § 13102).

2. Vendor and Purchaser—Validity of Contract—Witnesses.
    Land contract is not void because not witnessed (3 Comp. Laws 1929, §§ 13350, 13386).

3. Mechanics' Liens—Vendor and Purchaser—Effect Where Land Contract Void.
    If land contract was void because not witnessed (3 Comp. Laws 1929, § 13350), mechanic's lien for materials based on vendee's interest would also be void.

Appeal from Oakland; Doty (Frank L.), J. Submitted November 1, 1932. (Docket No. 56, Calendar No. 36,447.) Decided January 3, 1933.

Bill by Clawson Lumber Company, a Michigan corporation, against Frederick B. Gray and others to foreclose a mechanic's lien. Bill dismissed. Plaintiff appeals. Affirmed.

*George A. Sutton,* for plaintiff.

North, J. This appeal is from a decree dismissing plaintiff's bill of complaint by which it sought foreclosure of a mechanic's lien. Appellees are the owners of the property. The lien sought to be foreclosed is for materials used by defendant Charles H. Long in constructing a house upon the lot which Long and his wife were purchasing jointly on a land contract. Plaintiff sold the materials to Mr. Long. It did not obtain a written contract signed by him and his wife as is required by 3 Comp. Laws 1929, § 13102. For that reason plaintiff's claim of lien cannot be sustained. The statutory provision is:

"In case the title to such lands upon which improvements are made is held by husband and wife jointly,  *   *   *  the lien given by this act shall attach to such lands and improvements if the improvements be made in pursuance of a contract in writing signed by both the husband and wife."

This court has repeatedly passed upon this section of the statute:

"A mechanic's lien cannot be created against land, or the building erected thereon, held by husband and wife by executory contract, as tenants by the entireties, for materials furnished under a building contract made by defendant in which the wife did not join." *Frolich* v. *Blackstock* (syllabus), 155 Mich. 604.

See, also, *Restrick Lumber Co.* v. *Wyrembolski,* 164 Mich. 71; *Sibley Lumber Co.* v. *Letterman,* 234 Mich. 32.

The applicability of the quoted statute and cited decisions to the instant case is not impaired by the fact that since purchasing the materials for which the lien is claimed the contract interest of Mr. and Mrs. Long has been terminated by forfeiture proceeding. Plaintiff never obtained a valid lien, and hence it has none to foreclose.

Appellant's contention cannot be sustained to the effect that the contract under which Mr. and Mrs. Long held as vendees was void because it was not witnessed as required by 3 Comp. Laws 1929, § 13350. See 3 Comp. Laws 1929, § 13386, and *Mier* v. *Hadden,* 148 Mich. 488 (118 Am. St. Rep. 586, 12 Ann. Cas. 88). It may also be noted that in its bill of complaint plaintiff alleges Mr. Long was the purchaser under this contract, and plaintiff's claim of lien is based upon Mr. Long's interest as a vendee. If the land contract was void, plaintiff's claim of lien on the theory of its bill of complaint would necessarily fail.

The decree entered in the circuit court is affirmed. At the date of this writing a brief has not been filed by appellee, therefore no costs will be allowed.

McDONALD, C. J., and CLARK, POTTER, SHARPE, FEAD, WIEST, and BUTZEL, JJ., concurred.