SEWELL v. NU MARKETS, INC.

1. MECHANICS' LIENS—STATUTES—CONTRACTS.
   The mechanics' lien statute is predicated upon contract, express or implied, between the claimant and the person to be charged for the improvements claimed (CLS 1956, § 570.1).

2. SAME—CONTRACT—EXTENT OF INTEREST AFFECTED BY LIEN.
   The contract which may give rise to a mechanic's lien may be express or implied, written or unwritten, and with the owner, part owner, or lessee, but the lien extends only to the interest, of the owner, part owner, or lessee with whom the claimant has contracted (CLS 1956, § 570.1).

3. SAME—LEASED PREMISES—LESSEE AS AGENT OF LESSOR.
   Plaintiff contractor who made alterations on leased property at the request of and under contract with the lessee, which were permitted and approved by, but not required by, the lessor, may not have a lien against the lessor's interest, since the lessee, under the circumstances, may not be said to be the agent of the lessor, as claimed by the plaintiff contractor, it being shown the lessor's approval for alterations was permissive only, was required to maintain the architectural design, and that the rent was not reduced because the changes were made (CLS 1956, § 570.1).

REFERENCES FOR POINTS IN HEADNOTES
[1] 36 Am Jur, Mechanics' Liens § 4.
[2] 36 Am Jur, Mechanics' Liens § 15.
[3] 36 Am Jur, Mechanics' Liens § 31.

4. APPEAL AND ERROR—QUESTIONS REVIEWABLE—MECHANICS' LIENS
   —STATUTES.

   Whether or not statutory requirements as to imposition of lien
   upon defendant lessor were complied with is not determined,
   where such defendant was determined not to be liable for im-
   provements made at request of lessee (CLS 1956, § 570.1).

Appeal from Oakland; Hartrick (George B.), J.
Submitted June 5, 1958. (Docket No. 28, Calendar
No. 47,635.) Decided September 9, 1958.

Bill by Douglas Sewell, doing business as Sewell
Insulating Company, against Nu Markets, Inc., a
Michigan corporation, Keller-Koch, Inc., a Michigan
corporation, Massachusetts Mutual Life Insurance
Co., a foreign corporation, and Jess McNeal, Inc.,
a Michigan corporation, to foreclose lien for charges
on alteration of building. Bill dismissed. Plaintiff
appeals. Affirmed.

*Beer & Rowston,* for plaintiff.

*Irwin I. Cohn (John Sklar,* of counsel), for defend-
ant Nu Markets, Inc.

KAVANAGH, J. Plaintiff, a general contractor, filed
his bill to foreclose a claimed lien for materials and
labor furnished defendant Keller-Koch, Inc., orig-
inal lessee of the defendant Nu Markets, Inc. De-
fendant Massachusetts Mutual Life Insurance Com-
pany holds a prior recorded mortgage. Defendant
Jess McNeal, Inc., is the present lessee.

Plaintiff entered into a contract with the lessee,
Keller-Koch, Inc., to alter and improve a certain
warehouse building owned by defendant Nu Markets,
Inc., to adapt it to the use of an automobile sales
and service agency. The building had been formerly
occupied by Wrigley Stores.

The contract called for the removal of several doors and partitions and installation of larger doorways. Construction was to begin January 30, 1956, and was to be completed March 16th of the same year. In accordance with section 3 of the lease between Keller-Koch, Inc., and Nu Markets, Inc., dated December 17, 1955, all plans, specifications, and designs were prepared by a competent, registered architect and submitted to the owner for approval before any alterations were made. Keller-Koch, Inc., paid the cost of improvements with the exception of $5,261.70. Plaintiff's claim was reduced to judgment in the law case of Sewell v. Keller-Koch, Inc., which judgment was taken September 14, 1956. Efforts to collect that judgment failed.

The last of the materials and labor were furnished on March 16, 1956, to defendant Keller-Koch, Inc. On April 6, 1956, a verified statement of the number and names of all subcontractors, materialmen and laborers, together with the amount due each and statement of account and lien, both verified by affidavit, were served personally upon the lessee and filed in the office of the Oakland county register of deeds. The statement of account and lien, when filed with the Oakland county register of deeds, specifically named only the lessee as the person against whom the lien was then being claimed. Appellee Nu Markets, Inc., was not named in the claim of lien. However, on the back of the form, below the sworn claim of lien, the owner's name and address were given. Subsequently, on April 13, 1956, proof of service was filed in the office of the register of deeds. The owner, defendant Nu Markets, Inc., was served by registered mail on April 16, 1956, in the city of Detroit, Wayne county, Michigan. Defendant Keller-Koch, Inc., vacated the premises in the latter part of March, 1956.

On September 18, 1856, Nu Markets, Inc., entered into a supplemental agreement with Keller-Koch, Inc., which did not terminate the lease but turned over possession to the lessor for the purpose of re-letting the premises in order to mitigate damages and apply any rentals received against the obligation of the existing lease. Defendant Nu Markets, Inc., then subleased to defendant Jess McNeal, Inc., for a shorter term than the original lease and at a reduction in rental of $300 per month.

On April 5, 1957, this action was brought, and named as defendants all persons and corporations exhibiting any interest in said premises. It was stipulated that any lien established by plaintiff is subject to prior rights of the Massachusetts Mutual Life Insurance Company, which holds a mortgage from the owner.

On May 14, 1957, defendant Nu Markets, Inc., filed a sworn answer and a motion to dismiss. The motion to dismiss was noticed for Monday, May 20, 1957. On May 29, 1957, answer to motion to dismiss was filed by plaintiff. Judge Holland ruled on the motion to dismiss on June 11, 1957, and on the same day he entered an order denying the motion to dismiss. On June 27, 1957, a motion for rehearing of order denying motion to dismiss and notice of hearing was filed. On July 30, 1957, a stipulation of facts was entered on the record and the case was submitted on briefs. On November 18, 1957, a decree dismissing the bill of complaint was entered. Plaintiff appeals to this Court.

The pertinent provisions of the 10-year lease, at a rental of $2,100 per month, having to do with the alterations in the building were as follows:

"The tenant shall have the right to make all alterations, additions, and improvements that it deems necessary for the conduct of its business at its own

cost and expense, provided any architectural changes shall be designed by a competent registered architect and shall be in conformity with the general colonial architecture of the existing building. Said plans and specifications shall be approved by the landlord in writing. Landlord will not unreasonably withhold his approval of the plans and specifications provided that the above intent is carried out.

"It is understood and agreed that in the event that this lease shall be terminated because of default of tenant, tenant shall, at the option of landlord, restore the building to its original form, at its own cost and expense, but that otherwise there shall be no such obligation of restoration."

Plaintiff in the lower court, as it does here, claimed the right to impress a lien against the premises of the defendant Nu Markets, Inc., for the alterations and improvements ordered and procured by the lessee. The claim is premised upon the theory that the property of the lessor is subject to a mechanic's lien for the improvements contracted by the lessee in that the lessor, as a part of the consideration for the lease, made the lessee his agent and conferred upon him the requisite authority to make the improvements which were to become a part of the real estate and revert to the lessor.

Defendant Nu Markets, Inc., denies any such agency, and claims that it merely consented to and permitted alterations and improvements, and claims the lease requirement for submitting plans and specifications for its approval was solely to insure preservation of the architectural design of the building. Defendant also contends that plaintiff's claim of lien as to Nu Markets, Inc., is further barred because of its failure to comply with the statutory requirements with reference to service of a nonresident owner, for failure to file any proof of service

as to the owner with the register of deeds either before or after suit.

We answer first the question as to whether plaintiff in this action can impress a lien against the premises of defendant-owner, lessor, for the alterations and improvements ordered and procured by the lessee.

The language set out in the lease with reference to alterations and improvements of the premises indicates that the cost is to be at the expense of the tenant. The request for approval of the plans by the lessor so as to make sure lessee does not alter the architectural design of the building is reasonable and understanding in this regard. Note should be made of the provision whereby the landlord could not withhold approval of reasonable plans and specifications within the intent of use. The landlord was not required unconditionally to accept the altered building at the termination of the lease. The tenant contracted at the option of the landlord to restore the building to its original form at its own cost and expense.

It is further worthy of note that the original statement of lien did not claim a lien against defendant Nu Markets, Inc., and that the law action, based upon contract, is solely against Keller-Koch, Inc.

The Michigan mechanics' lien statute is predicated upon contract, express or implied, between the claimant and the person to be charged for the improvements claimed. The contract may be express or implied, written or unwritten, and with the owner, part owner, or lessee, but the statute grants the lien only to the extent of the interest of the owner, part owner, or lessee with whom the claimant has contracted (CLS 1956, § 570.1 [Stat Ann 1957 Cum Supp § 26.281]). These rules have been recognized and applied in the Michigan decisions. *Wagar* v. *Briscoe,* 38 Mich 587; *Peninsular General Electric*

Co. v. Norris, 100 Mich 496; Restrick Lumber Co. v. Wyrembolski, 164 Mich 71; Merrill v. Brant, 175 Mich 182; John Wallace Sons Co. v. Wilkinson, 181 Mich 693; Johnson v. Russell, 243 Mich 64; Winkworth Fuel & Supply Co. v. Bloomsbury Corp., 266 Mich 298.

All of the Michigan cases have clearly distinguished between those situations where the landlord merely consents to or permits alterations or improvements, and those where the landlord requires the tenant either to erect a valuable structure or make extensive and valuable additions or improvements as a part of the consideration for the lease. Where such construction or improvement is made obligatory, the lessee has been deemed the agent of the lessor for the purpose of effecting the improvements which the lessor has insisted upon having, and the contract has been deemed in essence to be the lessor's contract, with the lessee acting as lessor's agent in making it.

In the instant case it is obvious that the plaintiff had no oral or written contract with defendant Nu Markets, Inc., and none is claimed. The statement and claim of lien indicates its arrangement was with Keller-Koch, Inc. The law case of plaintiff herein v. Keller-Koch, Inc., significantly is against Keller-Koch, Inc., only. Nu Markets, Inc., is not joined as a defendant. If it was contended that Keller-Koch, Inc., was only the agent of Nu Markets, Inc., then the action would certainly have been brought against Nu Markets, Inc., rather than the agent. All arrangements with reference to the furnishing of materials were carried on with Keller-Koch, Inc. The lessor was not a party to these arrangements, did not order them, took no part in the supervision of the labor, nor directed its program, and at no time did lessor discuss the cost of the work, and no reductions were allowed the lessee on the rental of the premises for

the improvement. The language of the lease merely permitted the alterations and improvements if lessee desired to make them and prohibited alterations which changed the architectural design of the building. Under these circumstances certainly no implied contract existed, and, therefore, no liability was established against Nu Markets, Inc.

Plaintiff relies upon *Hart* v. *Reid,* 243 Mich 175. In that case the contract of lease between the owners and lessee which provided for lessee constructing and erecting a building to cost not less than $500,000 was more than a lease. The contract there contemplated the construction and erection of a building, and, impliedly, the lessee was acting as the agent of the owners in having the building constructed. Under these circumstances the Court correctly upheld the claimed liens.

Plaintiff further relies on *Merithew* v. *Bennett,* 313 Mich 189 (163 ALR 988). In that case this Court said (pp 192, 193):

"We believe, however, that the *Hart* v. *Reid Case,* *supra,* is controlling, in view of the fact that in that case there was not merely a contribution toward the improvements but, as in the instant case, the entire cost was to be paid from the rentals. The improvements consisted not only of a new furnace but a 25-foot addition to the old building for the dance floor. The building undoubtedly was made far more valuable. In *Ward* v. *Nolde,* 259 Mo 285, 301 (168 SW 596), the court said:

" 'The rule is very generally recognized and established that where the landlord binds the tenant to make substantial improvements upon the property he thereby constitutes the latter his agent within the meaning of the mechanic's lien law, and his property is subject to the lien for labor performed and material furnished in making such improvements under the contract with the tenant.' "

_, wolfe

On page 194 the Court continued, saying:

"It may be properly claimed that all these cases differ somewhat in the facts but the general rule remains the same. In the instant case, there was not merely a contribution or donation toward making the improvements, there was an agreement that the owner was to pay for the entire improvements, by the tenant's applying the rentals toward such payment. Under the facts in the case, we hold that the tenant was the agent for the owner to enter into the contract, and the owner is liable."

Each of these cases are distinguishable on the fact situation from the instant case. The circuit court properly dismissed plaintiff's bill of complaint. Having disposed of the matter on the merits, we will not discuss the other claims with reference to the failure to meet the statutory requirements.

The decree of the lower court dismissing the bill of complaint is affirmed. Costs in favor of defendant Nu Markets, Inc.

DETHMERS, C. J., and CARR, KELLY, SMITH, BLACK, EDWARDS, and VOELKER, JJ., concurred.