## CHILSON et v CHURAN

Ohio Appeals, 7th Dist, Mahoning Co

Decided Oct 2, 1931

L. L. George, Youngstown, for plaintiff in error.

J. B. Morgan, Youngstown, for defendant in error.

POLLOCK, J.

The first claim as to the amount of recovery, is that it was manifestly against the weight of the evidence. It appears that the plaintiff below was engaged in doing the class of work that was required to be done in this case, and that the defendant below was the owner of the property upon which this work was being done. We will refer to these parties as they appeared, plaintiff and defendant, in the court below.

The parties agree that there had been some talk about doing this work prior to the making of the contract. Plaintiff claims, as far as the contract is concerned, it was first proposed by himself in calling the husband of the defendant on the phone, in which he gave some reason why if he was to do the work that they should enter into a contract very soon. He claims that as a result of that telephone conversation he proposed to the husband of the defendant that he would do the work of constructing the pavement and furnishing material for twenty cents per square foot, and the approaches for twenty-five cents per square foot, that it resulted in defendant's husband saying "I will talk to my wife about it and let you know in a few days." It appears then from the evidence of both parties that in a few days the plaintiff met the husband of defendant, and they went over to where this work was to be performed, and the defendant's husband says there were some of the blocks of the pavement that need not be removed. Plaintiff claims that he marked with a piece of chalk the ones that were not to be removed, and the defendant told him to do the work; in fact, he told him to do it before they went over to see the pavement.

The defendant, through her husband, claims that at that meeting he asked the plaintiff what it would cost to have this job done; that the plaintiff took from his pocket a tablet and after figuring some little time told him he would do it for $275.00, and a contract was entered into for that amount. Nothing more appears between these two parties in regard to the contract until the work was performed and plaintiff had rendered a bill for the amount claimed in the petition. The defendant, through her husband, then claimed he called attention to this $275.00 contract and said "If you file the proper affidavit required of contractor to the owner, we will pay you $275.00." Shortly after that this action was brought. It would serve no interest or purpose to discuss the facts so far as the amount of recovery is concerned. These two parties disagree about this contract, and the court below found in favor of the plaintiff. Under the rule this court could not have reversed the judgment had it been either way, and we need not spend further time in determining the amount of recovery.

The error complained of as to the second cause of action for foreclosure of mechanic's lien, is first that the action was prematurely brought. It appears that this work was completed on the 15th day of May, and probably on the 2nd of June the affidavit for a lien was filed with the Recorder, and notice to the owner of filing the lien was given on the 5th of June. The affidavit which was required by §8312 GC which must be served or given to the owner before there can be a lien, was placed in the mail on the 19th of June and received by defendant

some time on the 20th, the next day. On the same day the petition for foreclosure of this lien was filed. It is urged that on the day the petition was filed plaintiff had no lien on this property, and therefore the action was prematurely brought. In serving or handing of the affidavit to the property owner the time of day is not required to be noted. The time of day in filing a petition is not required to be noted. So we come back to the general proposition, and the rule of law is there are no parts of days, so that we presume the presumption would be that these were served the last hour of the day under which it is noted they were received, and under that rule the petition in error would be filed exactly the same time as the affidavit was received, and there was no lien until after the land owner had received the affidavit. In fact, there might be another rule, possibly, as far as filing petitions is concerned. That is, the presumption would be it was filed before the ordinary time of closing the clerk's office, but be that as it may, we think, very technically, that this action was prematurely brought, but can advantage be taken of that at the present time?

Our attention is called to §396 GC, under the head of "Actions", 1 Vol. C J, page 1152:

"An objection to the premature commencement of an action must be made in the court below and can not be urged for the first time on appeal. It may, however, be made in different ways and at different times in the trial court. Thus it may be taken by demurrer if it appears on the face of the complaint, or it may be pleaded in abatement or in bar, or advantage may be taken of it in the trial under the general issue or general denial, or may be made the basis of a motion for a dismissal or non-suit or for an arrest of judgment."

So that it is seen that it may be taken in the lower court in almost any way. So far as appears in the record in this case, there was only a general denial or the general issue was raised on the legality of this mechanic's lien. It could have been taken, under this authority, if called to the attention of the court below under that pleading, but we have looked at this record as best we can and do not find that the question was raised, as far as the record is concerned, until this court, so that while we think the action was prematurely brought, it could not be raised in this court under the circumstances.

The next error complained of is that the mechanic's lien was never perfected. We have referred to the filing of the mechanic's lien and notices. As it was said, the mechanic's lien was filed on the 2nd of June and notice received by the property owner on the 5th of June, but the affidavit required by §8312 to be made and served by the contractor on the property owner was not served until the 20th, and it is urged that the affidavit for the mechanic's lien could not be filed with the Recorder until after the affidavit in §8312 had been received by the owner, as there would be no lien until after that was received.

Our attention is called to the case of Holliday v Mathewson, 146 Mich., 336. That court holds that the affidavit may be filed with the Recorder prior to handing the affidavit to the land owner. If both are done before the sixty days have expired, and it is well known that our mechanic's lien law was patterned or taken from the mechanic's lien law of Michigan, and that is urged to support this contention, but aside from that case, in order to obtain a mechanic's lien two things are required in the contract, and both must be done within the sixty days, one is to serve an affidavit, as we have said on the land owner. The other is to file the affidavit with the Recorder. The contractor has no lien until both of those things are done, but on the completion of both he has a lien, and if both are completed within sixty days, the lien is perfected from the performance or doing of the last one of those two things. We can not see under the statute that it makes any difference which precedes the other. We think there was no error in the way this mechanic's lien was obtained.

These are the only errors complained of, and the judgment is affirmed.

ROBERTS and FARR, JJ, concur.