**In re Elmer A. RICKERT and Regina L. Rickert, Debtors.**

**Bankruptcy No. 3–92–01958.**

United States Bankruptcy Court, S.D. Ohio, W.D.

June 7, 1993.

---

Lester R. Thompson, Dayton, OH, for debtors.

Michael L. Barr, Court House, OH, for Kenny Davis Homes, Inc.

George W. Ledford, Englewood, OH, trustee.

## DECISION AND ORDER DENYING DEBTORS' OBJECTION TO SECURED CLAIM OF KENNY DAVIS HOMES, INC.

WILLIAM A. CLARK, Bankruptcy Judge.

This matter is before the court upon the debtors' motion for summary judgment. The court has jurisdiction by virtue of 28 U.S.C. § 1334 and the standing order of reference in this district. This matter is a core proceeding under 28 U.S.C. § 157(b)(2)(B)—allowance or disallowance of claims against the estate, and (K)—determinations of the validity, extent, or priority of liens.

### FACTS

The facts alleged in the debtors' motion for summary judgment and the creditor's response appear undisputed and are as follows:

1) The debtors, Elmer A. Rickert and Regina L. Rickert, filed a bankruptcy petition under chapter 13 of the Bankruptcy Code on April 21, 1992;

2) Kenny Davis Homes, Inc., filed a mechanic's lien against the debtors' real estate on April 20, 1992;

3) The last work was performed on the property on February 27, 1992, within the 60 days required by the applicable Ohio statutes;

4) An "Affidavit for Mechanic's Lien" was served on the debtors on April 17, 1992, prior to the filing of the lien in the office of the county recorder;

5) An "Affidavit for Mechanic's Lien" was recorded in the office of the county recorder on April 20, 1992, and was not thereafter served on the debtors (Doc. # 29 & # 31).

On August 19, 1992, Kenny Davis Homes, Inc., filed a proof of claim in the amount of $31,491.18 and stated that the claim was secured by the debtor's real estate. Debtors have objected to the Davis claim on the grounds that the creditor does not have a valid security interest in the debtors' residence and the debtors do not owe Kenny Davis Homes, Inc., the amount of $31,491.18.[1]

### CONCLUSIONS OF LAW

Section 1311.07 of the Ohio Revised Code provides, in part, that:

Any person filing an affidavit pursuant to section 1311.06 of the Revised Code shall serve a copy of the affidavit on the owner, part owner, or lessee of the improved property or his designee, within thirty days *after* filing the affidavit [in the office of the county recorder] (emphasis supplied).

According to the debtors' memorandum of law, "the sole issue for the court ... is whether or not a mechanic's lien is valid if it is served on the debtors prior to filing rather than after filing the affidavit of lien with the county recorder as required by the applicable statutes" (Doc. # 29). Two leading treatises on the subject of Ohio's mechanics' lien law take the position that premature service of the affidavit of lien upon

---

1. Pursuant to Fed.R.Bankr.P. 3001(f), "[a] proof of claim executed and filed in accordance with these rules shall constitute prima facie evidence of the validity and amount of the claim." The debtors have offered no evidence to dispute the *amount* of the Davis claim and have stated that the sole issue is whether the creditor's mechanic's lien was validly perfected (Doc. # 29). Therefore the court finds that the amount of the Davis claim is $31,491.18 and only the secured status of the claim is in dispute.

a property owner is not fatal to the perfection of a mechanic's lien:

> Service of a copy of an affidavit for lien before the affidavit is filed with the county recorder is a substantial compliance with the provisions of General Code § 8315 [predecessor of Ohio Rev.Code § 1311.07]. Harold F. Demann, *The Ohio Mechanic's Lien Law* § 9.10 (2d ed. 1953).

> [T]he Affidavit of Lien may be filed after its service upon the owner pursuant to section 1311.07 of the Ohio Revised Code. Todd R. Marti and Amy R. Goldstein, *Ohio Mechanics' and Materialmen's Liens* § 5–7 (2d ed. 1992).

As support for this proposition both treatises refer to the case of *Ulmer v. Portage Construction & Finance Co.*, 26 Ohio N.P. (n.s.) 257 (C.P.1923), *aff'd* without report (1925).[2] In *Ulmer*, the court stated that:

> The fact ... that the copy of the affidavit for a lien was served on the owner before the affidavit, itself, was filed with the recorder, instead of within thirty days thereafter, will not invalidate the lien. This conclusion is supported by the language of the Supreme Court of Michigan, in the case of *Fairbairn v. Moody* et al, 116 Mich., page 61 [75 N.W. 469]. *Id.* at 300–301.

The Michigan case cited by the *Ulmer* court was equally succinct in its reasoning:[3]

> It is also said that the service of the notice of filing this lien was premature, as it was served on the day of its date, and before filing, whereas the statute provides that the notice must be served within 10 days after filing; but we think this a too technical construction of the statute. *The purpose of the notice was subserved in this case. Fairbairn v.*

*Moody,* 116 Mich. 61, 64 [75 N.W. 469] (1898) (emphasis supplied).

In short, "*Ulmer* stands for the proposition that service prior to the actual filing of the affidavit to obtain a mechanic's lien constitutes substantial compliance." *R.W.I. Supply Co., Inc. v. Knight,* No. 92–L–021, 1992 WL 233183, 1992 Ohio App. LEXIS 4689 (Ohio App.1992). As indicated by the court in *R.W.I. Supply* such a result is consistent with Ohio Rev.Code § 1311.22 which provides that:

> Section 1311.01 to 1311.22 of the Revised Code are to be construed liberally to secure the beneficial results, intents, and purposes thereof; and a *substantial compliance* with those sections is sufficient for the *validity* of the *liens* under those sections, provided for and to give jurisdiction to the court to enforce the same. [emphasis supplied]

The debtors take the position that *Ulmer* has been specifically overruled by statute:

> The statute in question, Ohio Rev.Code 1311.07, was passed since *Ulmer v. Portage Construction Co.,* ... cited by counsel for the creditor ... in its Memorandum Contra Motion for Summary Judgment. The passage of the statute is a specific overruling of that case. Also specific adherence to the statute is required pursuant to the current provision of the Ohio Revised Code (Doc. # 32).

Counsel for the debtors has provided the court with no authority for his assertion that *Ulmer* has been specifically overruled, nor has the court been able to find any support for debtors' position. Although § 1311.07 of the Ohio Revised Code was enacted after *Ulmer* was decided, that section—at least with respect to the time for filing the affidavit of mechanic's lien—was a continuation of the General Code provision in effect at the time *Ulmer* was decided:[4]

---

**2.** The latter treatise also cites five other supporting cases.

**3.** It may be inferred that *Ulmer's* resort to Michigan case law is based on Ohio's adoption of Michigan's mechanic's lien statute. "It is well known that [Ohio's] mechanic's lien law was patterned or taken from the mechanic's lien law

of Michigan...." *Chilson v. Churan,* 11 Ohio L.Abs. 680 (Ohio App.1931).

**4.** "Although [*Ulmer* and other cases cited by the author] were decided under earlier versions of the private lien statutes, there is nothing in the language of the present statutes or their legislative history that indicates that this general principle does not continue to be valid." Todd R.

Every person filing such affidavit ... shall within thirty days after the filing thereof serve on the owner ... a copy thereof.... General Code § 8315.

For the foregoing reasons, it is hereby ORDERED that the debtors' objection to the proof of claim filed by Kenny Davis Homes, Inc., is DENIED. It is further ORDERED that the claim of Kenny Davis Homes, Inc., is ALLOWED as secured and in the amount of $31,491.18.